FILED

2025 NOV 19 PM 3:13

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: ___

Mark Rosenbaum (CA SBN # 59940)
Amanda Mangaser Savage (CA SBN # 325996)
Rebecca Brown (CA SBN # 345805)
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Telephone: (213) 385-2977
mrosenbaum@publiccounsel.org
asavage@publiccounsel.org
rbrown@publiccounsel.org

*Listing of counsel continued on following page*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Antonio PEREZ-FUNEZ; et al.<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. Department of Homeland Security, et al.,<br><br>Defendants. | Case No.: CV 81-1457-ER<br><br>**PLAINTIFFS' MOTION FOR CONTINUANCE OF DECEMBER 5, 2025, HEARING AND FOR SCHEDULING OF A STATUS CONFERENCE**<br><br>(Declaration of Peter McGraw and [Proposed] Order filed concurrently)<br><br>Date: December 5, 2025<br>Time: TBD<br>Place: TBD<br>Judge: TBD |

1

Gilbert Paul Carrasco (CA SBN # 90838)
900 Pacific Coast Highway, Suite # 305
Huntington Beach, CA 92648-4863
Telephone: (503) 990-4879
carrasco@willamette.edu

Peter McGraw*
Kevin Siegel*
NATIONAL IMMIGRATION LAW CENTER
1121 14th Street, Suite 200
Washington, D.C. 20005
Telephone: (213) 639-3900
Fax: (213) 639-3911
mcgraw@nilc.org
siegel@nilc.org

*Application for admission *pro hac vice* forthcoming

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on December 5, 2025, or as soon thereafter as the matter may be heard Plaintiffs will and hereby move this Court pursuant to Federal Rule of Civil Procedure 6(b) for an order continuing the hearing date on Defendants' "Motion to Terminate Permanent Injunction and Advisal Order" by sixty (60) days to the earliest available date on or after February 3, 2026.

This case was previously assigned to the late Honorable Edward Rafeedie. The hearing on this motion will be before the U.S. District Court Judge to whom this matter is assigned. Plaintiffs do not have notice of any re-assignment of this action as of the date this motion is filed. On information and belief, the hearing will occur at the United States Courthouse for the Central District of California located at 350 West First Street, Los Angeles, California 90012.

Plaintiff makes this Motion pursuant to Local Rule 7-3 following a telephone conference regarding the Plaintiffs' request for a continuance and status conference and the filing of this Motion with counsel for Defendants on November 18, 2025, as set out in the attached declaration of Peter McGraw ("Decl. of McGraw"). Defendants oppose the motion.

# MOTION FOR CONTINUANCE OF HEARING ON DEFENDANTS' MOTION TO TERMINATE PERMANENT INJUNCTION AND ADVISAL ORDER AND FOR STATUS CONFERENCE

Defendants have moved to void a 40-year-old final judgment of this Court and terminate a long-standing injunction setting out the constitutionally-required procedures for processing unaccompanied children ("UC") for returns to their home countries. Their motion comes weeks after another U.S. District Court enjoined Defendants' attempted summary removals of Guatemalan UCs. Defendants' motion to terminate purports to schedule the associated hearing on December 5, 2025, short of the twenty-eight (28) day-period required under Local Rule 6-3, but counsel for both parties remain unaware of whether this action has been re-assigned to an active Judge of this Court after the passing of Honorable Edward Rafeedie, who entered the injunction and advisal that Defendants now seek to terminate. Despite exercising diligence in trying to respond within the timelines set out in Local Rules, counsel for Plaintiffs anticipates requiring additional time to adequately address the complex legal questions raised by Defendants' motion and present relevant evidence.

Plaintiffs' Motion is based on this Notice, the Memorandum of Points and Authorities filed herewith, the declaration of Peter McGraw ("Decl. of McGraw"), all papers, pleadings, and other documents filed in this action, and such other matters as may be presented to this Court at the time of the hearing on the motion. Pursuant to Local Rule 7-15, Plaintiffs waive oral argument on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), Plaintiffs file this motion seeking a continuance of the hearing date on Defendants' "Motion to Terminate Permanent Injunction and Advisal Order" and request the scheduling of a status conference in this action. In support, Plaintiffs show the following:

### I. INTRODUCTION

Defendants' motion relates to a permanent injunction issued by the Court in 1985 that sets out constitutionally-required procedures to safeguard the rights and safety of unaccompanied children ("UC") who seek to voluntarily return to their country of last habitual residence. *See Perez-Funez v. District Director, INS*, 619 F. Supp. 656, 669-70 (C.D. Cal. 1985). The late District Judge Edward Rafeedie deemed this intervention necessary because Defendants had created an "inherently coercive" "processing environment" in which children were "plac[ed] . . . at the mercy of summary procedures" in violation of due process. *Id.*, at 663. Defendants now seek to dissolve that injunction while simultaneously seeking to resurrect similar summary procedures in violation of UCs' constitutional and statutory rights. *See, e.g., L.G.M.L. v. Noem*, --- F.Supp.3d ---, 2025 WL 2671690 (D.D.C. Sept. 18, 2025) (enjoining summary removals of Guatemalan unaccompanied minors in violation of statute).

Nearly forty (40) years after the Court's last order in this action, and decades after the passage of laws codifying the procedural rights of UCs in the United States, on November 12, 2025, Defendants moved to terminate the Court's permanent injunction in this action. Their motion fails to comply with Local Rule 6-3, thereby depriving Plaintiffs of their full response period. Moreover, Defendants' motion seeks to void a final judgment of this Court, raising complex separation-of-powers issues, and claims a new appropriations law provides legal authority to subject UCs to voluntary return procedures with even fewer procedural

safeguards than those ordered by this Court decades ago. These legal issues merit a thorough presentation for the Court's consideration. Plaintiffs seek to continue the hearing currently set for December 5, 2025,[1] for sixty (60) days, and a corresponding extension of briefing deadlines in accordance with Local Rule 7-11, to permit such a presentation. Plaintiffs also seek the scheduling of a status conference for the Court's earliest availability on or after December 1, 2025, regarding Defendants' pending "Motion to Terminate Permanent Injunction and Advisal Order" to discuss Plaintiffs' need for relevant discovery and a schedule for resolving issues raised in Defendants' motion.

## II. BACKGROUND

In 1985, following a trial, post-trial briefs, and closing arguments, the Court entered a judgment declaring the procedures used by the Immigration and Naturalization Services ("INS") for effectuating the return of UC to their home countries unconstitutional. *See Perez-Funez v. District Director, I.N.S.*, 619 F.Supp. 656, 669 (C.D. Cal. 1985). The Court also made permanent the injunctive relief first ordered on a preliminary basis in 1984, with some modifications, and ordered the parties to confer regarding a "simplified rights advisal" document that would be used to both inform UCs of their rights prior to discussing voluntary departure and to document compliance with the Court's order. *Id.*, at 669-70. In 1986, the Court entered an "Order Re Advisal" approving the form agreed upon by the parties and further requiring that UCs be provided access to telephones. Dkt. 240.

---

[1] The permanent injunction and advisal order that Defendants seek to terminate were issued by Honorable Edward Rafeedie, former Judge of the U.S. District Court for the Central District of California, who passed away on or about March 25, 2008. Plaintiffs are unaware of the re-assigning of this action to any other active U.S. District Court Judge or of the actual scheduling of a hearing on Defendant's motion on the calendar of any active Judge of this Court. Plaintiffs file this motion on or before what would be their deadline for responding had Plaintiffs been provided the full twenty-eight (28) days' notice set out in Local Rule 6-3.

On November 5, 2025, counsel for Defendants first informed counsel for Plaintiffs of their intent to file their instant motion to terminate the Court's 1985 injunction and 1986 Order Re Advisal. Defs.' Mtn. to Terminate, at Pg. iv. Counsel for Plaintiffs requested another meeting with counsel for Defendants to further consider the information provided by Defendants on November 5th, but Defendants' counsel declined. *Id.*

On November 12, 2025, Defendants filed their instant motion seeking to terminate the Court's 1985 permanent injunction and 1986 Order Re Advisal. Their motion identifies December 5, 2025, as the hearing date for the motion, providing twenty-three (23) days' notice to Plaintiffs, instead of the twenty-eight (28) days required under Local Rule 6-3. Plaintiffs respectfully request and order continuing the hearing date on Defendants' motion by sixty (60) days to the earliest available setting on or after February 3, 2026, and scheduling a status conference regarding Defendants' motion for the earliest available setting on or after December 1, 2025.

### III.  ARGUMENT AND AUTHORITIES

Rule 6(b)(1)(A) requires a showing of "good cause" to extend a deadline for responding to a motion. FED. R. CIV. P. 6(b)(1)(A). "Good cause" is a "non-rigorous standard" that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Generally, Rule 6(b) "[is] to be liberally constructed to effectuate the general purpose of seeing that cases are tried on the merits." *Id.*, at 1258-59. As such, requests for extensions of time under Rule 6(b)(1)(A) "made before the applicable deadline has passed should 'normally…be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Id.* (citing 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004)).

Good cause for the continuance of the December 5, 2025, hearing on Defendants' "Motion to Terminate Permanent Injunction and Advisal Order" exists in this case. First, Plaintiffs have not received the full twenty-eight (28) days' notice of the hearing as set out in Local Rule 6-3. Defendants' unilateral setting of the hearing date shortened Plaintiffs' time to file a response beyond the default set out in the Court's local rules. *See* L.R. 7-9 (requiring opposing papers to be filed not later than twenty-one (21) days before the date designated for hearing of the motion).

Second, the District Cout Judge to whom this action was assigned has passed away and counsel for Plaintiffs, despite inquiries with both the Clerk of the Court and counsel for Defendants, are not aware of this case having been re-assigned to another active Judge of the U.S. District Court for the Central District of California. Counsel for Plaintiffs are therefore unaware of whether the hearing has actually been scheduled on the Motion Calendar for any active U.S. District Court Judge.

Third, Defendants seek to void a final order entered more than forty (40) years ago and to terminate an injunction based largely on intervening law codified at least a decade ago. Beyond the administrative complications posed by Defendants' motion in terms of determining class representation and notifying clients and class members, Defendants' arguments raise complex questions about the separation of Legislative and Judicial powers, the Court's authority to modify longstanding injunctions against Executive agencies, and whether recent appropriations legislation provides substantive legal authority to take action that would otherwise violate the permanent injunction in this case. *See, e.g., L.G.M.L,* 2025 WL 2671690, at 15 n.9 (D.D.C. Sept. 18, 2025) (finding that the One Big Beautiful Bill Act ("OBBBA"), Section 100051(8)—on which Defendants rely, in part, here—does not authorize summary removals of Guatemalan children because

of the presumption that "appropriations acts do not substantively change existing law") (internal citations omitted). These issues merit thorough briefing from the parties and, despite diligence in seeking to promptly respond, counsel for Plaintiffs anticipate requiring additional time to provide the Court with an adequate response that will aid in resolving this matter.

Plaintiffs' requested continuance poses no prejudice to Defendants. The permanent injunction and Order Re Advisal have been in effect for approximately forty (40) years and many of the laws cited by Defendants as grounds for terminating the Court's order have been in effect for decades without any previous effort to modify or terminate. As of November 18, 2025, neither party had information regarding the re-assignment of this action to an active Judge of this Court and therefore were unaware of when Defendants' motion would actually be heard. A sixty (60) day extension of the hearing date and corresponding briefing deadlines will not interfere with Defendants' ability to present their arguments regarding the need to modify or terminate the injunction.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion and sign an order continuing the December 5, 2025, hearing date for sixty (60) days to the earliest available date on or after February 3, 2026, and schedule a Status Conference in this action for the Court's earliest available setting on or after December 1, 2025.

DATED: November 19, 2025

*/s/ Mark Rosenbaum*

Mark Rosenbaum (CA SBN # 59940)
Amanda Mangaser Savage (CA SBN # 325996)
Rebecca Brown (CA SBN # 345805)
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Telephone: (213) 385-2977
mrosenbaum@publiccounsel.org
asavage@publiccounsel.org
rbrown@publiccounsel.org


Gilbert Paul Carrasco (CA SBN # 90838)
900 Pacific Coast Highway, Suite # 305
Huntington Beach, CA 92648-4863
Telephone: (503) 990-4879
carrasco@willamette.edu


Peter McGraw*
Kevin Siegel*
NATIONAL IMMIGRATION LAW CENTER
1121 14th Street, Suite 200
Washington, D.C. 20005
Telephone: (213) 639-3900
Fax: (213) 639-3911
mcgraw@nilc.org
siegel@nilc.org

*Counsel for Plaintiffs*

* Applications for admission *pro hac vice* forthcoming

10

## CERTIFICATE OF COMPLIANCE

I, Peter McGraw, certify that the Memorandum of Points and Authorities contains 1,483 works and complies with the word limit of Local Rule 11-6.1.

DATED: November 18, 2025.

> */s/ Peter McGraw*
> Peter McGraw
> NATIONAL IMMIGRATION LAW CENTER
> 1121 14th Street, Suite 200
> Washington, D.C. 20005
> Telephone: (213) 639-3900
> Fax: (213) 639-3911
> mcgraw@nilc.org