FILED

2025 NOV 19  PM 3: 14

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

Mark Rosenbaum (CA SBN # 59940)
Amanda Mangaser Savage (CA SBN # 325996)
Rebecca Brown (CA SBN # 345805)
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Telephone: (213) 385-2977
mrosenbaum@publiccounsel.org
asavage@publiccounsel.org
rbrown@publiccounsel.org

*Listing of counsel continued on following page*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Antonio PEREZ-FUNEZ; *et al.* <br><br> Plaintiffs, <br><br> vs. <br><br> U.S. Department of Homeland Security, *et al.*, <br><br> Defendants. | Case No.: CV 81-1457-ER <br><br> **DECLARATION OF PETER MCGRAW IN SUPPORT OF PLAINTIFFS' MOTION FOR CONTINUANCE OF DECEMBER 5, 2025, STATUS HEARING AND FOR SCHEDULING OF STATUS CONFERENCE** <br><br> (Notice of Motion and Motion for Continuance filed concurrently) <br><br> Date: December 5, 2025 <br> Time: TBD <br> Place: TBD <br> Judge: TBD |

1

Gilbert Paul Carrasco (CA SBN # 90838)
900 Pacific Coast Highway, Suite # 305
Huntington Beach, CA 92648-4863
Telephone: (503) 990-4879
carrasco@willamette.edu

Peter McGraw*
Kevin Siegel*
NATIONAL IMMIGRATION LAW CENTER
1121 14th Street, Suite 200
Washington, D.C. 20005
Telephone: (213) 639-3900
Fax: (213) 639-3911
mcgraw@nilc.org
siegel@nilc.org


*Application for admission *pro hac vice* forthcoming

## DECLARATION OF PETER MCGRAW

I, Peter McGraw, declare as follows:

1. I am over the age of eighteen and competent to make statements included in this declaration. The following facts are within my personal knowledge and are true and correct to the best of my knowledge.

2. I am an attorney licensed to practice law in the state of Texas and in U.S. District Courts in Texas and Washington, D.C. I am employed by the National Immigration Law Center.

3. On November 18, 2025, I emailed counsel for Defendants to inform them of Plaintiffs' intent to seek a continuance of the December 5, 2025, hearing date on Defendants' "Motion to Terminate Permanent Injunction and Advisal Order" and scheduling of a status conference. I requested an opportunity to discuss this and other administrative matters by telephone.

4. In the afternoon on November 18, 2025, I spoke with counsel for Defendants by telephone regarding Plaintiffs' proposed request to continue the December 5, 2025, hearing date. Plaintiffs' position was that it is anticipated that sixty (60) days will be needed to address administrative matters associated with this decades-old litigation and properly respond to the arguments raised by Defendants and that a status conference prior to the hearing date was appropriate. Defendants' position was that a hearing on the pending motion to terminate is sought as soon as possible and preferably in the month of December 2025.

5. Following further consideration of matters discussed during the November 18, 2025, telephone conference undersigned counsel emailed counsel for

Defendants to inform them of Plaintiffs' intent to seek the proposed 60-day continuance and status conference.

6. Good cause exists for Plaintiffs' proposed continuance. Defendants' motion raises administrative complications. For example, after first receiving notice of Defendants' possible intent to file a new motion in this action, counsel reviewed its files concerning this litigation and requested dockets maintained by the National Archives to ensure that counsel possesses all substantive filings and orders issued in this action. Counsel received dockets from the National Archives on or about November 18, 2025, and is confirming possession of all substantive filings.

7. Also, based on the discussion of related administrative matters with counsel for Defendants on November 18, 2025, counsel for Plaintiffs understands that neither party is aware of any re-assignment of this action to an active Judge of this Court or whether a hearing has actually been scheduled for December 5, 2025, on the motion calendar of any active Judge of this Court. Plaintiffs seek this continuance in part to ensure actual notice, consistent with Local Rule 6-3, of any hearing on Defendants' pending motion.

8. Defendants' pending motion seeks to void and terminate a decades-old final judgment and injunction and raises complex legal questions that Plaintiffs believe merit a thorough presentation to aid in the Court in its resolution of Defendants' motion. Additionally, counsel for Plaintiffs are aware of recent actions by Defendants to summarily remove unaccompanied children from Guatemala and litigation to enjoin such removals. *See, e.g., L.G.M.L. v. Noem*, --- F.Supp.3d ---, 2025 WL 2671690 (D.D.C. Sept. 18, 2025). Given the time that has passed since the last action in this case, the legal questions raised by Defendants' motion, and Plaintiffs' need to gather evidence regarding compliance with the Court's inunction, counsel for Plaintiffs anticipates being able to provide an adequate response within the new briefing deadlines under Local Rule 7-11 associated with a sixty (60) day continuance of the hearing date.

9. There have been no previous requests for continuances of the hearing date on Defendants' pending "Motion to Terminate Permanent Injunction and Advisal Order."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 19th day of November, 2025, in Hidalgo County, Texas.

*/s/ Peter McGraw*
Peter McGraw

5