# EXHIBIT 1

Declaration of Marie Silver

as submitted in *Garcia Ramirez v. U.S. Immig. & Customs Enf't*, 18-cv-00508 (D.D.C. Nov. 13, 2025)

# DECLARATION OF MARIE SILVER
# MANAGING ATTORNEY FOR CHILDREN'S PROTECTION
# FOR THE NATIONAL IMMIGRANT JUSTICE CENTER

*I, Marie Silver, make the following statements on behalf of the National Immigrant Justice Center (NIJC). I certify under penalty of perjury that the following statements are true and correct pursuant to 28 U.S.C. § 1746.*

1. My name is Marie Silver. I am the managing attorney for the Immigrant Children's Protection Project at the National Immigrant Justice Center (NIJC). NIJC is based in Chicago, Illinois, and provides legal services to immigrants. NIJC is dedicated to providing legal services to indigent unaccompanied immigrant children, including those who are held in the custody of the Office of Refugee Resettlement (ORR) in Illinois and Indiana.

2. NIJC's Immigrant Children's Protection Project works primarily on matters involving unaccompanied immigrant children. The mission of NIJC's Immigrant Children's Protection Project is to educate children about the United States immigration legal system and to assess and assist them in their claims for legal relief, including asylum, special immigrant juvenile status, and protection from human trafficking. The Immigrant Children's Protection Project equips children to make informed decisions about how to proceed with their immigration cases and represents children in applications for legal relief and in their removal proceedings before the immigration courts.

3. In my role as the managing attorney of NIJC's Immigrant Children's Protection Project, I lead a team of attorneys and paralegals that reviews the cases of children who arrive at the ORR shelters where NIJC provides legal services. My team and I review the paperwork of children to confirm accuracy, investigate eligibility for immigration relief (including defenses against deportation), and assist children in making informed decisions about how to proceed with their legal cases.

4. As a common practice, staff members at the ORR shelters provide NIJC, through me and my team, the charging documents of children in ORR custody with whom we will meet for legal consultations.

5. On November 11, 2025, a staff member at an ORR shelter for which NIJC is the designated legal service provider sent to me, by email, the charging documents for an unaccompanied immigrant child who had recently arrived at the facility.

1

6. Included with the documents for the child was a document titled "UAC Processing Pathway Advisal." Neither I nor my team had seen this document previously. This document has not been included with the documents for other children that we have reviewed. No children with whom we have conducted legal consultations have referenced or described this document.

7. The "UAC Processing Pathway Advisal" document asserts that children who have been identified as unaccompanied, who agree to voluntarily return to their countries within 72 hours, "will still have the opportunity to apply for a visa . . . in the future."

8. The "UAC Processing Pathway Advisal" document asserts that unaccompanied children who elect to have a hearing before an immigration judge or who indicate a fear of returning to their country (such that they can claim asylum in the United States) will be detained in United States government custody "for a prolonged period of time."

9. The "UAC Processing Pathway Advisal" document asserts that unaccompanied children who elect to have a hearing or who indicate fear of return may expose their "sponsor," who is often a parent or other family member, to arrest, detention, criminal prosecution, and deportation.

10. The "UAC Processing Pathway Advisal" document asserts that unaccompanied children who claim a fear of return and are unsuccessful in substantiating that claim may be barred from receiving immigration visas in the future.

11. The "UAC Processing Pathway Advisal" asserts children who elect to have a hearing or who indicate fear of return and who turn 18 while in United States government custody "will be turned over to Immigration and Customs Enforcement for removal (deportation) from the United States."

12. As an immigration attorney specializing in children's issues with 12 years of experience, who has reviewed the paperwork of at least hundreds of children in ORR custody, I have never seen an advisal of this nature. In my legal opinion, this advisal completely misstates – or at least dramatically misrepresents – the immigration laws that apply to unaccompanied immigrant children. Further, the advisal's assertions, which are more aptly characterized as threats, are in clear contravention of the entire system implemented to protect and promote the safety and best interests of unaccompanied immigrant children pursuant to the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 (TVPRA).

13. I believe this advisal will cause significant distress and confusion among unaccompanied immigrant children, who are apprehended by immigration officials alone without their parents, and who are frequently survivors of violence and trauma. I believe many of these children will be so scared of the "consequences" outlined in this advisal, especially the threats of arrest, deportation, and criminal prosecution of their family members, that they will be unable to assert their rights to have a hearing before an immigration judge and to seek asylum and other forms of humanitarian protection for which they may be eligible. The outcome for such children will be rapid and extrajudicial return, alone, to countries where they face serious risks to their safety and wellbeing, including abuse, neglect, domestic violence, human trafficking, and even death.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 12th of November 2025, in Chicago, Illinois.

_____
Marie Silver, Managing Attorney
National Immigrant Justice Center
111 W. Jackson Blvd., Suite 800, Chicago, IL 60604
T: 773-672-6604
msilver@immigrantjustice.org

# Exhibit A

## UAC Processing Pathway Advisal

You have been identified as an unaccompanied minor. This information is intended to provide clarity about the steps involved.

You have the option to voluntarily return to your country of origin, and you can return to your country within 72 hours. If you choose to voluntarily return to your country, there will be no administrative consequence, and you will still have the opportunity to apply for a visa, through legal means, in the future

If you choose to seek a hearing with an immigration judge or indicate a fear of returning to your country, you can expect the following:

- You will be detained in the custody of the United States Government, for a prolonged period of time.
- If your sponsor in the United States does not have legal immigration status, they will be subject to arrest and removal from the United States. The sponsor may be subject to criminal prosecution for aiding your illegal entry.
- If you cannot substantiate your claim of fear of returning to your country, you can be barred from legally applying for a visa
- If you turn 18 years of age while in U.S. Government custody, you will be turned over to Immigration and Customs Enforcement for removal (deportation) from the United States. This can result in being barred from applying for a visa in the future.

Usted ha sido identificado como un menor no acompañado. Esta información tiene como objetivo proporcionar claridad sobre los pasos involucrados.

Usted tiene la opción de regresar voluntariamente a su país de origen, y puede hacerlo dentro de un plazo de 72 horas. Si elige regresar voluntariamente a su país, no habrá consecuencias administrativas, y aún tendrá la oportunidad de solicitar una visa, por medios legales, en el futuro.

Si elige solicitar una audiencia con un juez de inmigración o indica que tiene temor de regresar a su país, puede esperar lo siguiente:

- Será detenido bajo la custodia del Gobierno de los Estados Unidos por un período prolongado de tiempo.
- Si su patrocinador en los Estados Unidos no tiene estatus migratorio legal, estará sujeto a arresto y deportación de los Estados Unidos. El patrocinador también podría estar sujeto a un proceso penal por ayudar en su entrada ilegal.
- Si no puede justificar su afirmación de temor de regresar a su país, se le puede prohibir solicitar legalmente una visa en el futuro.
- Si cumple 18 años de edad mientras está bajo la custodia del Gobierno de los Estados Unidos, será transferido a Inmigración y Control de Aduanas (ICE) para su deportación de los Estados Unidos. Esto puede resultar en la prohibición de solicitar una visa en el futuro.