# EXHIBIT 5

Plaintiffs' Proposed Discovery Requests, Dec. 4, 2025

 Outlook

---

**81-cv-1457 - Requests for conference regarding motion for leave to take discovery**

---

**From** Peter McGraw <McGraw@nilc.org>

**Date** Thu 12/4/2025 2:46 PM

**To**  Cardin, Zachary A. (CIV) <zachary.a.cardin@usdoj.gov>; Silvis, William (CIV) <william.silvis@usdoj.gov>; Celone, Michael A. (CIV) <michael.a.celone@usdoj.gov>; Giuffreda, Kristen (CIV) <kristen.giuffreda@usdoj.gov>

**Cc**  Mark Rosenbaum <mrosenbaum@publiccounsel.org>; Amanda Mangaser Savage <asavage@publiccounsel.org>; Rebecca Brown <rbrown@publiccounsel.org>; Kevin Siegel <siegel@nilc.org>; Adam Wolfson <adamwolfson@quinnemanuel.com>

📎 4 attachments (2 MB)

Topics for Rule 30(b)(6) Examination.pdf; 81-cv-01457 - [PROPOSED] Plaintiffs First Set of Post-Judgment RFPs - 12032025.pdf; 81-cv-1457 - [PROPOSED] Plaintiffs First Set of Post-Judgment Interrogatories - 12032025.pdf; 81-cv-1457 - [PROPOSED] Plaintiffs First Set of Post-Judgment RFAs - 12032025.pdf;

Hi Zach –

As we've discussed over the past few days, Plaintiffs intend to seek tailored post-judgment discovery in this matter. I am attaching our proposed requests and a brief list of topics for a proposed Rule 30(b)(6) deposition to this email. Can you please tell me times when you are available this afternoon or tomorrow to confer regarding this matter and other potential motions pursuant to Local Rule 7?

Peter

**Peter McGraw**
Deputy Director, Legal
Pronouns he/him
mcgraw@nilc.org | O: (202) 517-1267
www.nilc.org



*This message may be confidential and protected from disclosure by law. If you are not the intended recipient of this message, please let me know immediately and do not forward, distribute, or copy this message. Admitted to practice in Texas. Practice limited to federal litigation or immigration matters.*

Mark Rosenbaum (SBN # 59940)
Amanda Mangaser Savage (SBN # 325996)
Rebecca Brown (SBN # 345805)
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, California 900005
Telephone:  (213) 385-2977
Facsimile:   (213) 443-3100
mrosenbaum@publiccounsel.org
asavage@publiccounsel.org
rbrown@publiccounsel.org

Gilbert Paul Carrasco (CA SBN # 90838) 900 Pacific
Coast Highway, Suite # 305 Huntington Beach, CA
92648-4863 Telephone: (503) 990-4879
carrasco@willamette.edu

Peter McGraw*
Kevin Siegel*
NATIONAL IMMIGRATION LAW CENTER
1121 14th Street, Suite 200 Washington, D.C. 20005
Telephone: (213) 639-3900 Fax: (213) 639-3911
mcgraw@nilc.org
siegel@nilc.org

*Admitted *pro hac vice*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Antonio PEREZ-FUNEZ; *et al.*<br><br>Plaintiffs,<br><br>vs.<br><br>Kristi NOEM, in her official capacity as Secretary, U.S. Department of Homeland Security, *et al*.,<br><br>Defendants | Case No.: 2:81-cv-01457-MWF-E<br><br>**PLAINTIFFS' FIRST SET OF POST-JUDGMENT REQUESTS FOR PRODUCTION**<br><br>Judge: Hon. Michael W. Fitzgerald |

PROPOUNDING PARTIES:    Plaintiffs

RESPONDING PARTY:    Defendants

SET NO.:    One

## **PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

PLEASE TAKE NOTICE that, pursuant to Rules 26, 34 and 69(a)(2) of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California ("Local Rules"), Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Kristi Noem, in her official capacity as Secretary, United States Department of Homeland Security, *et al.* ("Defendant") produce for inspection, examination and copying by Plaintiffs, their attorneys, or others acting on Plaintiffs' behalf, the following documents and things at the offices of Quinn Emanuel Urquhart & Sullivan, LLP located at 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017, by either: (1) a date set by the Court; or (2) no later than thirty (30) days after service of these requests, whichever date is earlier.  These Requests are continuing in nature and impose upon Defendant the obligations stated in Rule 26(e) of the Federal Rules of Civil Procedure

## **INSTRUCTIONS**

1.    **Timeframe**:  Unless otherwise indicated, the responsive timeframe for these requests for production is November 12, 2025, to the present (the "**Relevant Period**").  If a response to a request necessitates a broader timeframe, You must produce responsive Documents, notwithstanding that such Documents were composed, sent, received, or are otherwise dated, before November 12, 2025.

2.    **Responses**:  Respond to each request for production by producing each requested Document in its entirety, along with every family Document (such as any appendices, attachments, cover letters, enclosures, exhibits, and schedules), that is in Your possession, custody, or control.  If no Document in Your possession, custody, or control is responsive to a particular request, provide a written response stating so.

3.    **Construction**:  These requests for production shall be deemed to be requests for all Documents, whether prepared by You or by any other Person, which are in Your custody, possession, or control; or that You own in whole or in part; or

that You have a right by contract, statute, or otherwise to use, access, inspect, examine, or copy on any terms; or that You have, as a practical matter, the ability to use, access, inspect, examine, or copy on any terms. These requests must be construed in the broadest possible manner consistent with the Federal Rules of Civil Procedure and the Local Civil Rules of the U.S. District Court for the Central District of California. The words "**all**," "**any**," "**each**," "**every**," "**and**," and "**or**" must be construed conjunctively and disjunctively as necessary to make the requests inclusive rather than exclusive. The singular includes the plural and vice versa. A masculine, feminine, or neuter pronoun includes all other genders. Any verb used in any tense includes the verb in all its tenses.

4. **Objections**: If You do not respond to a request in whole or in part based on an objection, You must state the objection and the basis for the objection in writing and with particularity. You must respond to any portion of the request to which You do not object.

5. **Lost or Destroyed Document**: If any requested Document has been lost or destroyed, state the type of Document, its subject matter, author, and date, and the circumstances in which it was lost or destroyed.

6. **Privilege Log**: If You withhold or redact any responsive Document on the basis of any assertion of any privilege or protection – including but not limited to the attorney-client privilege, work product doctrine, law enforcement privilege, deliberative process privilege, public interest privilege, and confidentiality or other similar federal, state, or local statute prohibiting or limiting the disclosure of information – You must provide a log setting forth the basis for any such assertion of privilege or protection, in accordance with Federal Rule of Civil Procedure 26(b)(5).

7. **Form of Production**: Produce each responsive Document and Hard-Copy Document as it is kept in the ordinary course of business, with all metadata intact. If a Document needs to be produced in hard copy, deliver the Document to the

offices of Quinn Emanuel Urquhart & Sullivan LLP, 865 South Figueroa Street, Los Angeles, California 90017.

8.      **Continuing Obligation**: These requests are ongoing.   If, after responding, You obtain or become aware of any additional responsive Document in Your possession, custody, or control, You must produce that Document promptly, as required by Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

1.      "Action" means the above-captioned litigation.

2.      "Communication" means any act or instance of transferring, transmitting, passing, delivering, or giving information (in the form of facts, ideas, inquiries, or otherwise) by written, verbal, or electronic means, including but not limited to statements, admissions, denials, inquiries, discussions, conversations, negotiations, agreements, contracts, notes (handwritten, typed, or otherwise), summaries, memoranda, reports, presentations, submissions or filings to any government agency or entity, understandings, meetings, or any other direct or indirect disclosure in any form, including but not limited to audio, video, digital, electronic, or paper form, and any draft Communication in such form, whether or not the Communication was ever disclosed, sent, or transmitted.  Unless otherwise indicated herein, the term Communication or Communications refers to and includes Internal Communications.

3.      "You," "Your," "Yourself," "DHS," and/or "Defendant" refer to the U.S. Department of Homeland Security, including all agencies, departments, bureaus, divisions, officials, agents, and employees of the U.S. Department of Homeland Security.

4.      **"Document"** has the broadest possible meaning allowable by Federal Rule of Civil Procedure 34(a), and any other applicable Federal Rule of Civil Procedure, and shall encompass all media from which information can be obtained,

including but not limited to electronically stored information, as that term is defined in Federal Rule of Civil Procedure 34(a). Any copy of a Document that differs in any respect from the original of a Document constitutes a separate Document. Unless otherwise indicated herein, the term Document or Documents refers to and includes Hard-Copy Documents.

5.    "Hard-Copy Document" means a Document that existed in physical paper format prior to production.

6.    "Internal Communication" means any Communication between or among employees, representatives, agents, and/or members of any departments, divisions, units, and agencies over which You exercise control.

7.    "Jurisdiction" means the limits or territory within which You may exercise authority and/or control, including by creating and enforcing laws and rules.

8.    The term "including" means including but not limited to.

9.    The terms "relating to," "related to," and "in connection with" mean to any extent, relating to, referring to, reflecting, and their variants and shall be construed to bring within the scope of the requests any information and Document that explicitly or implicitly comprises, evidences, embodies, constitutes, describes, responds to, reflects, was reviewed in conjunction with, or was generated as a result of, the subject matter of the request.

10.    The terms "unaccompanied minor," "unaccompanied child," "unaccompanied children," "unaccompanied alien child", and "UAC" have the same meaning as the term "unaccompanied alien child" in 6 U.S.C. § 279(g)(2).

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Form I-770, Notice of Rights and Disposition forms for class members and UAC who are nationals or habitual residents of countries that are not contiguous with the United States that were completed or executed between November 12, 2025, and the present day.

**REQUEST FOR PRODUCTION NO. 2:**

All U.S. Customs and Border Protection (CBP) agency Form 93, Unaccompanied Alien Child Screening Addendum forms for class members and UAC who are nationals or habitual residents of countries that are not contiguous with the United States that were completed or executed between November 12, 2025, and the present day.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents or Communications concerning or pertaining to template documents or forms used by You since August 1, 2025 to advise class members and UAC of the options available to them after they are apprehended and identified as unaccompanied minors, including, but not limited to, voluntary return or departure, indicating fear of returning to their country of origin, and requesting a hearing before an immigration judge. This request does not seek the completed forms used in individual UAC cases. Rather, this request seeks the standardized template forms You have used since August 1, 2025.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents or Communications, including but not limited to data, statistics, reports, charts, or analyses, showing: (a) the volume of UAC apprehensions by fiscal year from 1985 to present; (b) the average length of time UAC spend in CBP, ICE, or other DHS custody before transfer to HHS/ORR facilities; and (c) the number

14509-00001/17593111.1

1  of facilities through which UAC are transferred before placement in removal

2  proceedings.

3

4  DATED: December ___, 2025            */s/ Peter McGraw*

5                                     Peter McGraw*
                                      Kevin Siegel*

6                                     NATIONAL IMMIGRATION LAW
                                      CENTER

7                                     1121 14th Street, Suite 200

8                                     Washington, D.C. 20005
                                      Telephone: (213) 639-3900

9                                     Fax: (213) 639-3911

10                                    mcgraw@nilc.org

11                                    siegel@nilc.org

12                                    Mark Rosenbaum (CA SBN # 59940)

13                                    Amanda Mangaser Savage (CA SBN #
                                      325996)

14                                    Rebecca Brown (CA SBN # 345805)

15                                    PUBLIC COUNSEL
                                      610 South Ardmore Avenue

16                                    Los Angeles, CA 90005

17                                    Telephone: (213) 385-2977

18                                    mrosenbaum@publiccounsel.org

19                                    asavage@publiccounsel.org
                                      rbrown@publiccounsel.org

20                                    Gilbert Paul Carrasco (CA SBN # 90838)

21                                    900 Pacific Coast Highway, Suite # 305
                                      Huntington Beach, CA 92648-4863

22                                    Telephone: (503) 990-4879

23                                    carrasco@willamette.edu

24                                    Adam B. Wolfson (CA SBN # 262125)

25                                    Quinn Emanuel Urquhart & Sullivan LLP
                                      865 South Figueroa Street, 10th Floor

26                                    Los Angeles, CA 90017

27                                    Telephone: (213) 443-3000
                                      Fax: (213) 443-3100

28

1    adamwolfson@quinnemanuel.com

2    * Admitted *pro hac vice*

3    COUNSEL FOR PLAINTIFFS

4

5    **CERTIFICATE OF SERVICE**

6    I certify that on December __, 2025, I served a copy of the foregoing

7    document by email on the following counsel of record for Defendant:

8    ZACHARY CARDIN

9    Trial Attorney
     United States Department of Justice

10   Office of Immigration Litigation
     Litigation and Appeals Section

11   P.O. Box 878, Ben Franklin Station

12   Washington DC 20044

13   (202) 802-3410
     zachary.a.cardin@usdoj.gov

14

15

16   *Peter McGraw*
     Peter McGraw

17

18

19

20

21

22

23

24

25

26

27

28

14509-00001/17593111.1    PLAINTIFFS' FIRST SET OF POST-JUDGMENT REQUESTS FOR PRODUCTION

Mark Rosenbaum (SBN # 59940)
Amanda Mangaser Savage (SBN # 325996)
Rebecca Brown (SBN # 345805)
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, California 900005
Telephone:  (213) 385-2977
Facsimile:   (213) 443-3100
mrosenbaum@publiccounsel.org
asavage@publiccounsel.org
rbrown@publiccounsel.org

Gilbert Paul Carrasco (CA SBN # 90838) 900 Pacific
Coast Highway, Suite # 305 Huntington Beach, CA
92648-4863 Telephone: (503) 990-4879
carrasco@willamette.edu

Peter McGraw*
Kevin Siegel*
NATIONAL IMMIGRATION LAW CENTER
1121 14th Street, Suite 200 Washington, D.C. 20005
Telephone: (213) 639-3900 Fax: (213) 639-3911
mcgraw@nilc.org
siegel@nilc.org

*Admitted *pro hac vice*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Antonio PEREZ-FUNEZ; *et al.* | Case No.: 2:81-cv-01457-MWF-E |
| Plaintiffs, | **PLAINTIFFS' FIRST SET OF POST-JUDGMENT INTERROGATORIES** |
| vs. | Judge: Hon. Michael W. Fitzgerald |
| U.S. Department of Homeland Security, *et al.*, | |
| Defendants | |

PROPOUNDING PARTIES:    Plaintiffs

RESPONDING PARTY:    Defendants

SET NO.:    One

Pursuant to Rules 26, 33 and 69(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Kristi Noem, in her official capacity as Secretary of the United States Department of Homeland Security, *et al.* ("Defendant") answer the following Interrogatories within 30 days after service or at such earlier time as may be ordered by the Court.

## INSTRUCTIONS

1. In answering the following Interrogatories, furnish all available information, including information in the possession, custody, or control of You or any of Your attorneys, directors, officers, agents, employees, representatives, associates, investigators, or division affiliates, partnerships, parents or subsidiaries, and Persons under Your control, who have the best knowledge, not merely information known to You based on Your own personal knowledge.

2. If You cannot fully respond to the following Interrogatories after exercising due diligence to secure the information requested thereby, so state, and specify the portion of Interrogatories that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Interrogatories cannot be answered fully and completely; and state what knowledge, information or belief You have concerning the unanswered portion of any such Interrogatories.

3. If Your response to a particular Interrogatory is a statement that You lack the ability to comply with that Interrogatory, You must specify whether the inability to comply is because the particular item or category of information never existed; has been destroyed, has been lost, misplaced, or stolen; or has never been, or is no longer, in Your possession, custody, or control, in which case You must identify the name and address of any Person known or believed by You to have possession, custody, or control of that information or category of information.

14509-00001/17593110.1

4.      Your obligation to respond to these Interrogatories is continuing and Your responses are to be supplemented to include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

5.      The singular shall include the plural and vice versa, as necessary, to bring within the scope of the Request all responses that might otherwise be construed to be outside its scope.  "All" includes "any" and vice versa; "all" includes "each" and vice versa; and "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed outside the scope.

6.      Each Interrogatory should be construed independently. Unless an Interrogatory expressly provides otherwise, no Interrogatory should be construed by reference to any other Interrogatory for the purpose of limiting the scope of response to such Interrogatory.

7.      For the purpose of reading, interpreting, or construing the scope of these Interrogatories, the terms used shall be given their most expansive and inclusive interpretation.

## **DEFINITIONS**

1.      "Action" means the above-captioned litigation.

2.      "Communication" means any act or instance of transferring, transmitting, passing, delivering, or giving information (in the form of facts, ideas, inquiries, or otherwise) by written, verbal, or electronic means, including but not limited to statements, admissions, denials, inquiries, discussions, conversations, negotiations, agreements, contracts, notes (handwritten, typed, or otherwise), summaries, memoranda, reports, presentations, submissions or filings to any government agency or entity, understandings, meetings, or any other direct or indirect

disclosure in any form, including but not limited to audio, video, digital, electronic, or paper form, and any draft Communication in such form, whether or not the Communication was ever disclosed, sent, or transmitted.  Unless otherwise indicated herein, the term Communication or Communications refers to and includes Internal Communications.

3.    "You," "Your," "Yourself," "DHS," and/or "Defendant" refer to the U.S. Department of Homeland Security, including all agencies, departments, bureaus, divisions, officials, agents, and employees of the U.S. Department of Homeland Security.

4.    "Document" has the broadest possible meaning allowable by Federal Rule of Civil Procedure 34(a), and any other applicable Federal Rule of Civil Procedure, and shall encompass all media from which information can be obtained, including but not limited to electronically stored information, as that term is defined in Federal Rule of Civil Procedure 34(a).  Any copy of a Document that differs in any respect from the original of a Document constitutes a separate Document.  Unless otherwise indicated herein, the term Document or Documents refers to and includes Hard-Copy Documents.

5.    "Hard-Copy Document" means a Document that existed in physical paper format prior to production.

6.    "Internal Communication" means any Communication between or among employees, representatives, agents, and/or members of any departments, divisions, units, and agencies over which You exercise control.

7.    "Jurisdiction" means the limits or territory within which You may exercise authority and/or control, including by creating and enforcing laws and rules.

8.    The term "including" means including but not limited to.

9.    The terms "relating to," "related to," and "in connection with" mean to any extent, relating to, referring to, reflecting, and their variants and shall be construed

1  to bring within the scope of the requests any information and Document that explicitly

2  or implicitly comprises, evidences, embodies, constitutes, describes, responds to,

3  reflects, was reviewed in conjunction with, or was generated as a result of, the subject

4  matter of the request.

5      10.    The    terms    "unaccompanied    minor,"    "unaccompanied    child,"

6  "unaccompanied children," "unaccompanied alien child", and "UAC" have the same

7  meaning as the term "unaccompanied alien child" in 6 U.S.C. § 279(g)(2).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# INTERROGATORIES

## INTERROGATORY NO. 1:

Describe the circumstances in which You utilize the "UAC Processing Pathway Advisal" document attached to these Interrogatories as "Exhibit 1" including, but not limited to, the approximate date when You first started using this document, how You use this document, what agency has custody of the minor when You use this document, and whether You provide this document to minors, verbally read this document to minors, or provide minors with any other verbal information or instructions related to this document.

DATED: December ___, 2025

/s/ Peter McGraw
Peter McGraw*
Kevin Siegel*
NATIONAL IMMIGRATION LAW CENTER
1121 14th Street, Suite 200
Washington, D.C. 20005
Telephone: (213) 639-3900
Fax: (213) 639-3911
mcgraw@nilc.org
siegel@nilc.org

Mark Rosenbaum (CA SBN # 59940)
Amanda Mangaser Savage (CA SBN # 325996)
Rebecca Brown (CA SBN # 345805)
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Telephone: (213) 385-2977
mrosenbaum@publiccounsel.org
asavage@publiccounsel.org
rbrown@publiccounsel.org

1

2  Gilbert Paul Carrasco (CA SBN # 90838)
   900 Pacific Coast Highway, Suite # 305
3  Huntington Beach, CA 92648-4863
   Telephone: (503) 990-4879
4  carrasco@willamette.edu

5  Adam B. Wolfson (CA SBN # 262125)
   Quinn Emanuel Urquhart & Sullivan LLP
6  865 South Figueroa Street, 10th Floor
   Los Angeles, CA 90017
7  Telephone: (213) 443-3000
   Fax: (213) 443-3100
8  adamwolfson@quinnemanuel.com
9

10 * Admitted *pro hac vice*
   COUNSEL FOR PLAINTIFFS
11

12

13            **CERTIFICATE OF SERVICE**

14      I certify that on December ___, 2025, I served a copy of the foregoing

15 document by email on the following counsel of record for Defendant:

16

17 ZACHARY CARDIN
   Trial Attorney
18 United States Department of Justice
   Office of Immigration Litigation
19 Litigation and Appeals Section
   P.O. Box 878, Ben Franklin Station
20 Washington DC 20044
   (202) 802-3410
21 zachary.a.cardin@usdoj.gov
22

23

24                        *Peter McGraw*
                         Peter McGraw
25

26

27

28

# EXHIBIT 1

## UAC Processing Pathway Advisal

You have been identified as an unaccompanied minor. This information is intended to provide clarity about the steps involved.

You have the option to voluntarily return to your country of origin, and you can return to your country within 72 hours. If you choose to voluntarily return to your country, there will be no administrative consequence, and you will still have the opportunity to apply for a visa, through legal means, in the future

If you choose to seek a hearing with an immigration judge or indicate a fear of returning to your country, you can expect the following:

- You will be detained in the custody of the United States Government, for a prolonged period of time.
- If your sponsor in the United States does not have legal immigration status, they will be subject to arrest and removal from the United States. The sponsor may be subject to criminal prosecution for aiding your illegal entry.
- If you cannot substantiate your claim of fear of returning to your country, you can be barred from legally applying for a visa
- If you turn 18 years of age while in U.S. Government custody, you will be turned over to Immigration and Customs Enforcement for removal (deportation) from the United States. This can result in being barred from applying for a visa in the future.

Usted ha sido identificado como un menor no acompañado. Esta información tiene como objetivo proporcionar claridad sobre los pasos involucrados.

Usted tiene la opción de regresar voluntariamente a su país de origen, y puede hacerlo dentro de un plazo de 72 horas. Si elige regresar voluntariamente a su país, no habrá consecuencias administrativas, y aún tendrá la oportunidad de solicitar una visa, por medios legales, en el futuro.

Si elige solicitar una audiencia con un juez de inmigración o indica que tiene temor de regresar a su país, puede esperar lo siguiente:

- Será detenido bajo la custodia del Gobierno de los Estados Unidos por un período prolongado de tiempo.
- Si su patrocinador en los Estados Unidos no tiene estatus migratorio legal, estará sujeto a arresto y deportación de los Estados Unidos. El patrocinador también podría estar sujeto a un proceso penal por ayudar en su entrada ilegal.
- Si no puede justificar su afirmación de temor de regresar a su país, se le puede prohibir solicitar legalmente una visa en el futuro.
- Si cumple 18 años de edad mientras está bajo la custodia del Gobierno de los Estados Unidos, será transferido a Inmigración y Control de Aduanas (ICE) para su deportación de los Estados Unidos. Esto puede resultar en la prohibición de solicitar una visa en el futuro.

Mark Rosenbaum (SBN # 59940)
Amanda Mangaser Savage (SBN # 325996)
Rebecca Brown (SBN # 345805)
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, California 900005
Telephone:   (213) 385-2977
Facsimile:    (213) 443-3100
mrosenbaum@publiccounsel.org
asavage@publiccounsel.org
rbrown@publiccounsel.org

Gilbert Paul Carrasco (CA SBN # 90838) 900 Pacific
Coast Highway, Suite # 305 Huntington Beach, CA
92648-4863 Telephone: (503) 990-4879
carrasco@willamette.edu

Peter McGraw*
Kevin Siegel*
NATIONAL IMMIGRATION LAW CENTER
1121 14th Street, Suite 200 Washington, D.C. 20005
Telephone: (213) 639-3900 Fax: (213) 639-3911
mcgraw@nilc.org
siegel@nilc.org

*Admitted *pro hac vice*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Antonio PEREZ-FUNEZ; *et al.* | Case No.: 2:81-cv-01457-MWF-E |
| Plaintiffs, | **PLAINTIFFS' FIRST SET OF POST-JUDGMENT REQUESTS FOR ADMISSION** |
| vs. | |
| Kristi NOEM, Secretary, U.S. Department of Homeland Security, *et al.*, | Judge: Hon. Michael W. Fitzgerald |
| Defendants | |

PROPOUNDING PARTIES:       Plaintiffs

RESPONDING PARTY:           Defendants

SET NO.:                             One

Pursuant to Rules 36 and 69(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs, propound the following requests for admission ("Requests") upon Defendant. Defendant is required to respond to these Requests within 30 days of service, or such other time as may be agreed upon by the parties or required by any scheduling order entered in this action.  The Requests must be answered in accordance with the definitions and instructions set forth below.

## **INSTRUCTIONS**

1.    In answering the following Interrogatories, furnish all available information, including information in the possession, custody, or control of You or any of Your attorneys, directors, officers, agents, employees, representatives, associates, investigators, or division affiliates, partnerships, parents or subsidiaries, and Persons under Your control, who have the best knowledge, not merely information known to You based on Your own personal knowledge.

2.    If You cannot fully respond to the following Interrogatories after exercising due diligence to secure the information requested thereby, so state, and specify the portion of Interrogatories that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Interrogatories cannot be answered fully and completely; and state what knowledge, information or belief You have concerning the unanswered portion of any such Interrogatories.

3.    If Your response to a particular Interrogatory is a statement that You lack the ability to comply with that Interrogatory, You must specify whether the inability to comply is because the particular item or category of information never existed; has been destroyed, has been lost, misplaced, or stolen; or has never been, or is no longer, in Your possession, custody, or control, in which case You must identify the name and address of any Person known or believed by You to have possession, custody, or

control of that information or category of information.

4.    Your obligation to respond to these Interrogatories is continuing and Your responses are to be supplemented to include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

5.    The singular shall include the plural and vice versa, as necessary, to bring within the scope of the Request all responses that might otherwise be construed to be outside its scope.  "All" includes "any" and vice versa; "all" includes "each" and vice versa; and "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed outside the scope.

6.    Each Interrogatory should be construed independently. Unless an Interrogatory expressly provides otherwise, no Interrogatory should be construed by reference to any other Interrogatory for the purpose of limiting the scope of response to such Interrogatory.

7.    For the purpose of reading, interpreting, or construing the scope of these Interrogatories, the terms used shall be given their most expansive and inclusive interpretation.

## DEFINITIONS

1.    "Action" means the above-captioned litigation.

2.    "Communication" means any act or instance of transferring, transmitting, passing, delivering, or giving information (in the form of facts, ideas, inquiries, or otherwise) by written, verbal, or electronic means, including but not limited to statements, admissions, denials, inquiries, discussions, conversations, negotiations, agreements, contracts, notes (handwritten, typed, or otherwise), summaries, memoranda, reports, presentations, submissions or filings to any

government agency or entity, understandings, meetings, or any other direct or indirect disclosure in any form, including but not limited to audio, video, digital, electronic, or paper form, and any draft Communication in such form, whether or not the Communication was ever disclosed, sent, or transmitted.  Unless otherwise indicated herein, the term Communication or Communications refers to and includes Internal Communications.

3.    "You," "Your," "Yourself," "DHS," and/or "Defendant" refer to the U.S. Department of Homeland Security, including all agencies, departments, bureaus, divisions, officials, agents, and employees of the U.S. Department of Homeland Security.

4.    "Document" has the broadest possible meaning allowable by Federal Rule of Civil Procedure 34(a), and any other applicable Federal Rule of Civil Procedure, and shall encompass all media from which information can be obtained, including but not limited to electronically stored information, as that term is defined in Federal Rule of Civil Procedure 34(a).  Any copy of a Document that differs in any respect from the original of a Document constitutes a separate Document.  Unless otherwise indicated herein, the term Document or Documents refers to and includes Hard-Copy Documents.

5.    "Hard-Copy Document" means a Document that existed in physical paper format prior to production.

6.    "Internal Communication" means any Communication between or among employees, representatives, agents, and/or members of any departments, divisions, units, and agencies over which You exercise control.

7.    "Jurisdiction" means the limits or territory within which You may exercise authority and/or control, including by creating and enforcing laws and rules.

8.    The term "including" means including but not limited to.

9.    The terms "relating to," "related to," and "in connection with" mean to any extent, relating to, referring to, reflecting, and their variants and shall be construed to bring within the scope of the requests any information and Document that explicitly or implicitly comprises, evidences, embodies, constitutes, describes, responds to, reflects, was reviewed in conjunction with, or was generated as a result of, the subject matter of the request.

10.    The terms "unaccompanied minor," "unaccompanied child," "unaccompanied children," "unaccompanied alien child", and "UAC" have the same meaning as the term "unaccompanied alien child" in 6 U.S.C. § 279(g)(2).

# REQUESTS FOR ADMISSION

## REQUEST FOR ADMISSION NO. 1:

Admit or deny that the "UAC Processing Pathway Advisal" document attached to these Requests for Admission as "Exhibit 1" is a U.S. Customs and Border Protection document.

## REQUEST FOR ADMISSION NO. 2:

Admit or deny that the "UAC Processing Pathway Advisal" document attached to these Requests for Admission as "Exhibit 1" is used by You to provide information to class members and unaccompanied minors about legal processes to which they may be subject in the United States.


DATED: December ___, 2025        /s/ Peter McGraw
                                 Peter McGraw*
                                 Kevin Siegel*
                                 NATIONAL IMMIGRATION LAW
                                 CENTER
                                 1121 14th Street, Suite 200
                                 Washington, D.C. 20005
                                 Telephone: (213) 639-3900
                                 Fax: (213) 639-3911
                                 mcgraw@nilc.org
                                 siegel@nilc.org

                                 Mark Rosenbaum (CA SBN # 59940)
                                 Amanda Mangaser Savage (CA SBN #
                                 325996)
                                 Rebecca Brown (CA SBN # 345805)
                                 PUBLIC COUNSEL
                                 610 South Ardmore Avenue
                                 Los Angeles, CA 90005
                                 Telephone: (213) 385-2977
                                 mrosenbaum@publiccounsel.org
                                 asavage@publiccounsel.org
                                 rbrown@publiccounsel.org

1    Gilbert Paul Carrasco (CA SBN # 90838)
2    900 Pacific Coast Highway, Suite # 305
     Huntington Beach, CA 92648-4863
3    Telephone: (503) 990-4879
     carrasco@willamette.edu
4
5    Adam B. Wolfson (CA SBN # 262125)
     Quinn Emanuel Urquhart & Sullivan LLP
6    865 South Figueroa Street, 10th Floor
7    Los Angeles, CA 90017
     Telephone: (213) 443-3000
8    Fax: (213) 443-3100
9    adamwolfson@quinnemanuel.com
10
     * Admitted *pro hac vice*
11   COUNSEL FOR PLAINTIFFS
12
13              **CERTIFICATE OF SERVICE**
14       I certify that on December __, 2025, I served a copy of the foregoing
15   document by email on the following counsel of record for Defendant:
16
     ZACHARY CARDIN
17   Trial Attorney
18   United States Department of Justice
     Office of Immigration Litigation
19   Litigation and Appeals Section
20   P.O. Box 878, Ben Franklin Station
     Washington DC 20044
21   (202) 802-3410
22   zachary.a.cardin@usdoj.gov
23
24                          *Peter McGraw*
25                          Peter McGraw
26
27
28

# EXHIBIT 1

UAC Processing Pathway Advisal

You have been identified as an unaccompanied minor. This information is intended to provide clarity about the steps involved.

You have the option to voluntarily return to your country of origin, and you can return to your country within 72 hours. If you choose to voluntarily return to your country, there will be no administrative consequence, and you will still have the opportunity to apply for a visa, through legal means, in the future

If you choose to seek a hearing with an immigration judge or indicate a fear of returning to your country, you can expect the following:

- You will be detained in the custody of the United States Government, for a prolonged period of time.
- If your sponsor in the United States does not have legal immigration status, they will be subject to arrest and removal from the United States. The sponsor may be subject to criminal prosecution for aiding your illegal entry.
- If you cannot substantiate your claim of fear of returning to your country, you can be barred from legally applying for a visa
- If you turn 18 years of age while in U.S. Government custody, you will be turned over to Immigration and Customs Enforcement for removal (deportation) from the United States. This can result in being barred from applying for a visa in the future.


Usted ha sido identificado como un menor no acompañado. Esta información tiene como objetivo proporcionar claridad sobre los pasos involucrados.

Usted tiene la opción de regresar voluntariamente a su país de origen, y puede hacerlo dentro de un plazo de 72 horas. Si elige regresar voluntariamente a su país, no habrá consecuencias administrativas, y aún tendrá la oportunidad de solicitar una visa, por medios legales, en el futuro.

Si elige solicitar una audiencia con un juez de inmigración o indica que tiene temor de regresar a su país, puede esperar lo siguiente:

- Será detenido bajo la custodia del Gobierno de los Estados Unidos por un período prolongado de tiempo.
- Si su patrocinador en los Estados Unidos no tiene estatus migratorio legal, estará sujeto a arresto y deportación de los Estados Unidos. El patrocinador también podría estar sujeto a un proceso penal por ayudar en su entrada ilegal.
- Si no puede justificar su afirmación de temor de regresar a su país, se le puede prohibir solicitar legalmente una visa en el futuro.
- Si cumple 18 años de edad mientras está bajo la custodia del Gobierno de los Estados Unidos, será transferido a Inmigración y Control de Aduanas (ICE) para su deportación de los Estados Unidos. Esto puede resultar en la prohibición de solicitar una visa en el futuro.

## TOPICS FOR EXAMINATION

**<u>TOPIC NO. 1</u>:**

The legal processes to which unaccompanied minors who are nationals or habitual residents of countries that are contiguous to the United States are subject upon apprehension by federal officials.

**<u>TOPIC NO. 2</u>:**

The legal processes to which unaccompanied minors who are nationals or habitual residents of countries that are not contiguous to the United States are subject upon apprehension by federal officials.

**<u>TOPIC NO. 3</u>:**

The documents or forms that are utilized or have been utilized since August 1, 2025, by U.S. Department of Homeland Security (DHS), its employees or agents, or the agents or employees of any sub-agency of DHS, to inform unaccompanied minors of the options available to them after they are apprehended and identified as unaccompanied minors.

**<u>TOPIC NO. 4</u>:**

The factual developments that DHS claims makes prospective application of the permanent injunction in this litigation inequitable.

**<u>TOPIC NO. 5</u>:**

The document or other media containing advisals that DHS provides or intends to provide to unaccompanied minors if the permanent injunction in this litigation is terminated