BRETT A. SHUMATE
Assistant Attorney General
DREW C. ENSIGN
Deputy Assistant Attorney General
TYLER BECKER
Counsel to the Assistant Attorney General
WILLIAM C. SILVIS
Assistant Director
MICHAEL CELONE
Senior Litigation Counsel
ZACHARY A CARDIN
OLEKSIY ISAEV
Trial Attorney
United States Department of Justice
Office of Immigration Litigation – General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
202-802-3410
Zachary.a.cardin@usdoj.gov
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Antonio PEREZ-FUNEZ; *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. Department of Homeland Security, *et al.*, <br><br> Defendants. | Case No. CV 81-1457-ER <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO MODIFY PERMANENT INJUNCTION AND LEAVE TO CONDUCT DISCOVERY, ECF No. 269** <br><br> Hearing Date:  February 9, 2026 <br> Time: 10:00AM <br> Place: Courtroom 5A, First Street Courthouse <br> Honorable Michael W. Fitzgerald <br> United States District Judge |

# TABLE OF CONTENTS

I.   INTRODUCTION ....................................................................................................1

II.  STANDARD OF REVIEW ....................................................................................1

III. ARGUMENT ..........................................................................................................2

    A.  Plaintiffs' Motion to Modify Should Be Denied Because the "UAC Processing Pathway Advisal" Serves an Informational Purpose and Does Not Replace Form I-770 ....................................................................................................2

    B.  Plaintiffs' Request for Post-Judgment Discovery Should Be Denied ......................6

IV.  CONCLUSION ......................................................................................................8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# TABLE OF AUTHORITIES

## CASES

*Clady v. Gilmore*,

   773 F. App'x 958 (9th Cir. 2019) ................................................................... 7

*Hewlett Packard Enterprise Co. v. Inspur Group Co., Ltd.*,

   2024 WL 4631665 (N.D. Cal. 2024) ............................................................. 7

*Horne v. Flores*,

   557 U.S. 433 (2009) ....................................................................................... 2

*Perez-Funez v. Dist. Dir., I.N.S.*,

   619 F. Supp. 656 (C.D. Cal. 1985) ................................................................ 5

*Rufo v. Inmates of Suffolk Cnty. Jail*,

   502 U.S. 367 (1992) ................................................................................... 1, 2

*S.E.C. v. Coldicutt*,

   258 F.3d 939 (9th Cir. 2001) ......................................................................... 1

*T.S. v. Body Contour Centers, LLC*,

   2025 WL 1194023 (W.D. Wash. 2025) ..................................................... 7, 8

*United States v. Twitter, Inc.*,

   2023 WL 8007994 (N.D. Cal. 2023) .......................................................... 6, 7

# RULES

Fed. R. Civ. P. 26(b)(2)(C) ...................................................................................7

Fed. R. Civ. P. 60(b)(5)........................................................................................1

Rule 60(b)............................................................................................................6

## I. INTRODUCTION

Plaintiffs' Cross-Motion to Modify the Permanent Injunction and for Leave to Conduct Discovery, ECF No. 269 ("Cross-Motion"), represents an attempt to divert the Court's attention from the dispositive legal reality: the permanent injunction is obsolete. Rather than addressing the fundamental changes in the statutory and regulatory landscape that mandate the injunction's termination, Plaintiffs fixate on a supplemental informational sheet—the "UAC Processing Pathway Advisal"—that neither replaces the required rights advisals nor violates the injunction's terms. Plaintiffs' request to modify the injunction to preclude this informational document's use is meritless, as is their request for sweeping post-judgment discovery. Because the Government's motion to terminate rests on purely legal grounds—namely, that the intervening enactment of the TVPRA and subsequent regulations has displaced the injunction—factual discovery would burden the parties without aiding the Court. Accordingly, the Court should deny Plaintiffs' cross-motion and proceed to terminate the injunction.

## II. STANDARD OF REVIEW

Rule 60(b)(5) provides that a court "may relieve a party … from a final judgment, order, or proceeding" when "the judgment has been satisfied, released, or discharged" or when "applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5).

In order to grant a Rule 60(b)(5) motion to modify a court order, a district court must find "a significant change either in factual conditions or in law." *S.E.C. v. Coldicutt*, 258 F.3d 939, 942 (9th Cir. 2001) (citing *Rufo v. Inmates of Suffolk Cnty.*

*Jail*, 502 U.S. 367, 384 (1992). When determining whether to vacate an injunction, courts must consider "whether ongoing enforcement of the original order [is] supported by an ongoing violation of federal law. *Horne v. Flores*, 557 U.S. 433, 454 (2009).

Rule 60(b)(5) also permits a court to modify a decree if the modification is "suitably tailored" to resolve problems created by changed circumstances. *Rufo*, 502 U.S. at 383. The party seeking relief bears the burden of establishing that changed circumstances warrant relief. *Horne*, 557 U.S. at 447. Once a party carries its burden to show that changed circumstances warrant relief from an injunction, "a court abuses its discretion when it refuses to modify an injunction or consent decree in light of such changes." *Id*. (internal quotations and citation omitted).

### III.   ARGUMENT
**A. Plaintiffs' Motion to Modify Should Be Denied Because the "UAC Processing Pathway Advisal" Serves an Informational Purpose and Does Not Replace Form I-770.**

In approximately September 2025, CBP introduced a new informational document titled the "UAC Processing Pathway Advisal." *See* Ex. A., Decl. of Michael Julien ("Julien Decl.") ¶¶ 4, 5. This advisal is provided, generally orally, in addition to the Form I-770, to give unaccompanied alien children ("UAC") additional information regarding potential processing pathways. *Id.* The UAC Processing Pathway Advisal does not instruct a child to waive any right identified in Form I-770. *Id*. Critically, the Advisal does not replace Form I-770, does not solicit a waiver of rights, and does not alter the protections that the injunction was designed

to safeguard. CBP continues to provide Form I-770, *id.* at ¶ 5, and Plaintiffs do not dispute that fact.

Plaintiffs nevertheless suggest that "unaccompanied children in CBP custody may only receive CBP's new written advisal," which they contend does not adequately detail unaccompanied minors' rights. Cross Motion at 18. As discussed above, CBP provides both the new advisal (typically in oral form) and Form I-770, *see* Julien Decl., ¶¶ 4-5, so Plaintiffs' contention is incorrect. And Plaintiffs' purported evidence that minors "may" receive only the new advisal says nothing of the sort. *See* Cross Motion, Exh. 1 ¶ 6[1]; *id.,* Exh. 2 ¶ 10. There is thus no dispute of fact on this point, making discovery on whether CBP is using one or both forms unwarranted.

Plaintiffs also assert that the Government seeks to expeditiously process UAC for return rather than provide the safeguards required by Congress and the Constitution, contending that the UAC Processing Pathway Advisal violates both the Court's injunction and the TVPRA. *See* Cross Motion at 20–21. This contention lacks merit. As Plaintiffs acknowledge, Defendants have relied on Form I-770 as the rights advisal document since approximately 1997. ECF No. 268 at 10 n.2. The introduction of a supplemental advisal—decades after the injunction was entered and in a vastly changed statutory landscape—does not undermine compliance with the injunction, particularly where the required Form I-770 remains the operative rights advisal.

---

[1] Plaintiffs appear to be citing paragraph 6, not page 6 of the exhibit, which contains no such page.

Plaintiffs further argue that Defendants failed to submit evidentiary materials reflecting a proposed alternative advisal and speculate that the Government will use "some form of an advisal" if the injunction is terminated. Cross Motion at 21. This argument misses the point. As the Government has already explained, immigration law—and especially the statutory framework governing UAC—has changed profoundly since the order in this case was entered. ECF No. 250 at 20. In light of those developments, the Government intends to continue providing UAC with an advisal that accurately reflects current law and factual realities. *Id.* Nothing in the injunction freezes DHS's informational practices in time or prohibits the provision of accurate, supplemental information that neither solicits waivers nor diminishes protected rights.

Plaintiffs also advance four specific critiques of the UAC Processing Pathway Advisal, each of which rests on a mischaracterization of the document's content and function. *First*, Plaintiffs claim that the Advisal informs a child about the possibility of voluntary return during the brief 72-hour period without mentioning the right to seek relief from removal in Immigration Court. Cross Motion at 21. This argument ignores the undisputed fact that the Advisal is supplemental to Form I-770, which expressly explains the right to a hearing before an Immigration Judge. Indeed, Form I-770 itself states: "If you do not want to have a hearing before a judge, you can choose to return to your country." Cross Motion, Exh. 3 at 4. The Advisal therefore does not omit or contradict the right to a hearing; it presupposes that those rights have already been explained.

*Second*, Plaintiffs erroneously construe the Advisal's discussion of potential future visa options as misleading or coercive. To the contrary, ensuring that UAC are informed—accurately and in plain terms—about potential future processes is consistent with the principles underlying this Court's holding, which recognized the importance of meaningful notice in a stressful setting. *See Perez-Funez v. Dist. Dir., I.N.S.*, 619 F. Supp. 656, 662 (C.D. Cal. 1985). Providing general information about possible pathways does not compel any decision, nor does it undermine the rights explained in Form I-770.

*Third*, Plaintiffs claim that the Advisal threatens prolonged detention if a UAC seeks a hearing or expresses a fear of return. Cross Motion at 21. This interpretation misreads the plain language of the document. On its face, the Advisal educates UAC about potential procedural consequences that may follow the rights advisal provided through Form I-770. Informing individuals of possible future outcomes constitutes neither a threat nor a penalty for exercising protected rights. Nothing in the Advisal conditions access to a hearing or asylum protections on acquiescence or waiver.

Finally, Plaintiffs assert that the Advisal baselessly threatens criminal prosecution of sponsors who assist UAC with illegal entry. *Id.* This claim disregards the Advisal's explicit and limited language, which explains that sponsors who lack legal immigration status *may* be subject to criminal prosecution. Plaintiffs do not contend that this statement is inaccurate. An accurate explanation of potential legal consequences—particularly when carefully framed and limited—does not violate the injunction, the TVPRA, or due process.

In sum, the UAC Processing Pathway Advisal is a supplemental, accurate informational advisal that operates alongside Form I-770 and does not interfere with the rights protected by the injunction. Plaintiffs' objections seek to transform a narrow compliance order into a vehicle for ongoing judicial supervision of Defendants' informational practices, notwithstanding profound changes in immigration law and the absence of any waiver-related concern. Because Plaintiffs have not demonstrated a significant change in law or fact warranting modification, and because the Advisal neither violates nor implicates the injunction's operative terms, the motion to modify should be denied.

### B. Plaintiffs' Request for Post-Judgment Discovery Should Be Denied.

Plaintiffs argue that limited post-judgment discovery is necessary either to assure that Defendants are in compliance with the injunction—a contention never previously in dispute—or, alternatively, to modify and update the injunction in light of changed factual circumstances. *See* Cross Motion at 14–19. Plaintiffs' justifications for why they are entitled to discovery are unavailing.

While a court "may" order discovery in reviewing a Rule 60(b) motion, discovery is unnecessary when the motion rests on "purely legal" issues. *Cf. United States v. Twitter, Inc.*, 2023 WL 8007994, at *7 (N.D. Cal. 2023) (determining that discovery was not "necessary or appropriate" because the "flaw in [that Rule 60(b) motion] is purely legal," and thus "discovery would not serve any purpose" with respect to deciding the motion). Discovery is unnecessary in this case because Defendants seek termination of the injunction primarily for legal reasons. ECF No. 268. Specifically, maintaining the injunction is no longer equitable in light of several

statutory changes enacted in the decades since the injunction was entered. These substantial legal changes undermine the efficacy of Form I-770 (including changes to the structure and operations of the agencies tasked with administering the form), and consequently, the injunction impedes executive powers. *Id.*

Nor are there changed factual circumstances here requiring additional post-judgment discovery. As detailed above, the supplemental Advisal does not replace or modify Form I-770, *see* Julien Decl. ¶ 5 and is consistent with DHS's obligations under the Court's injunction. As such, Plaintiffs' assertion that discovery, even limited in scope, would benefit the Court fails because the Court need not look beyond the legal arguments to decide the claims raised by Defendants.

Indeed, even regular pre-judgment discovery is unnecessary where there are potentially dispositive legal issues. Discovery must be practical and conserve judicial resources, and it should not be premature. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C). Discovery may also be stayed to avoid "unnecessary burden and expense before . . . dispositive issues . . . [are] resolved." *Clady v. Gilmore*, 773 F. App'x 958, 959 (9th Cir. 2019) (holding that district courts have discretionary authority to stay discovery, particularly where a party seeks judgment on a dispositive legal ground). When deciding to stay discovery, a court considers two factors: (1) whether a pending motion is dispositive of the issue at which discovery is aimed; and (2) whether the pending motion can be decided absent additional discovery. *T.S. v. Body Contour Centers, LLC*, 2025 WL 1194023, at *2 (W.D. Wash. 2025); *Hewlett Packard Enterprise Co. v. Inspur Group Co., Ltd.*, 2024 WL 4631665, at *1 (N.D. Cal. 2024).

7

As discussed above, Defendants assert various legal arguments that would terminate the injunction, and discovery would be of no benefit to the Court in deciding the Government's legal reasons for pursuing termination. Moreover, delaying discovery until after the Court decides the legal issues set forth in the motion to terminate would not unnecessarily delay litigation given the long history of this case. *See Body Contour Centers, LLC*, 2025 WL 1194023, at *2 (pointing to reasons why staying pre-judgment discovery would unduly delay litigation, especially where discovery appeared necessary for the court to issue a prompt judgment).

Finally, precluding discovery would conserve judicial resources and, given the sweeping nature of Plaintiffs' proposed discovery request, would avoid imposing a significant burden on Defendants prior to this Court deciding the potentially dispositive motion to terminate. *See* Cross Motion, Exhibit 5 (Plaintiffs' discovery request). Notably, the Advisal can be reviewed and evaluated on its face, and Plaintiffs have provided no reason why additional discovery would be needed for the Court to evaluate its plain language. Accordingly, this Court should reject Plaintiffs' request for post-judgment discovery.

## IV. CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' motion to modify the injunction and to conduct post-judgment discovery.

DATED: January 20, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney General
Civil Division

TYLER BECKER
Counsel to the Assistant Attorney General

WILLIAM C. SILVIS
Assistant Director

MICHAEL CELONE
Senior Litigation Counsel

OLEKSIY ISAEV
Trial Attorney

s/ Zachary Cardin
ZACHARY CARDIN
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 802-3410
Zachary.a.cardin@usdoj.gov

*Attorneys for Defendants*