# EXHIBIT 1

Dkt. 231 – Order to Show Cause

February 20, 1986



ENTERED

FEB 25 1986

CLERK, U. S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

FILED

FEB 20 1986

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11  JOSE ANTONIO PEREZ-FUNEZ,       )        NO. CV 81-1457-ER
    et al.,                         )
12                                  )        CONSOLIDATED WITH
             Plaintiffs,            )
13                                  )        NO. CV 81-1932-ER
             v.                     )
14                                  )
    IMMIGRATION AND                 )
15  NATURALIZATION SERVICE,         )        **ORDER TO SHOW CAUSE**
    et al.,                         )
16                                  )
             Defendants.            )
17  _____ )

18

19          In its opinion in this case, the court ordered the

20  parties to confer among themselves and with experts to prepare a

21  simplified rights advisal consistent with the current law of

22  this circuit.  Perez-Funez v. INS, 619 F. Supp. 656 at 670 ¶ 2

23  (C.D. Cal. 1985).  The parties failed to reach an agreement on

24  the text of the advisal and each submitted its own proposal to

25  the court.  The court has drafted its own advisal and the

26  parties are hereby ordered to show cause why the court's advisal

27  should not be used.  The court's advisal is attached.

28          The court was guided by the factors discussed below:

Docketed
Mld copy Ptys
Mld Notice Ptys

                          -1-              2 5 FEB 1986

2

1    The primary finding of the court in this case was that

2    minors are unknowingly waiving their rights.  This is due in

3    part to the fact that they do not understand the advisal

4    currently being given to them.  611 F. Supp. 990, 1005 (C.D.

5    Cal. 1985) (text of advisal).  Accordingly, the court ordered

6    the preparation of a simplified advisal.  Plaintiffs' expert

7    stated that a shorter advisal is more likely to be recalled than

8    a longer one.  Therefore the court finds a shorter advisal is

9    preferable.  Of course brevity means that certain legal concepts

10   that plaintiffs would like explained -- suspension of

11   deportation and the right to apply for asylum -- cannot be

12   explained.  But if the trial testimony in this case proved

13   anything, it proved that minors have great difficulty grasping

14   even the concept of a right to a hearing.  To go on and then

15   explain the factual and legal determinations that may be made at

16   that hearing would only leave minors more confused about what to

17   do, rather than less so.  It is precisely the inability of

18   minors to understand these concepts that convinced the court

19   that merely reading an advisal is sometimes insufficient to

20   provide minors with the constitutional due process protections

21   to which they are entitled.

22   Rather than try to explain to minors each and every

23   ground they might have for staying in the country, the court

24   believes the government's suggested language is preferable.

25   That language is:  "If you do not want to go back to your

26   country, you should ask for a hearing before a Judge."

27   Plaintiffs object to this language because they

28   believe it might encourage minors to request a hearing when they

-2-

have no basis for staying in the country.  Plaintiffs are now
making an argument that is at odds with their arguments at the
outset of this case.  Originally, plaintiffs criticized the
government for encouraging voluntary departure.  Now plaintiffs
are criticizing the government for encouraging a hearing, which
by definition waives, at least temporarily, the right to
voluntary departure.  The simple fact is that there is no
perfect method of explaining to minors what their rights are
under the immigration laws so that only those minors with
meritorious claims will request a hearing.  First, minors cannot
understand these issues.  Second, the law is constantly changing
and not easy to understand even for skilled lawyers and judges.
Finally, if there has to be error one way or another, the court
would rather a minor with an unmeritorious claim get a hearing
than a minor with a meritorious case inadvertently sign the
voluntary departure form.  Since the government has proposed the
language that would encourage a hearing, the court does not feel
the additional hearings this might cause will be burdensome to
the government.

        With respect to plaintiffs desire to encourage minors
to contact a lawyer, the court has adopted plaintiffs' language:
"A lawyer can help explain your rights to you."  To go beyond
that, as the government points out, is tantamount to finding
there is a right to counsel, something not supported by the case
law.  In some situations it will be preferable for a minor to
talk to his/her parent, rather than a lawyer, even though a
lawyer would likely have a better understanding of immigration
law.  This is because parents would likely have a better ability

-3-

to communicate with the minor than would a lawyer the minor has never met.  The court's proposal attempts to direct the minor to the third party that the minor will find most helpful.

If the parties have constructive comments about the court's proposed advisal, those comments are welcome.  The court recognizes that it does not have access to the experts available to plaintiffs and the government, nor does it have the expertise of the INS.  However, the parties should not attempt to relitigate those matters already considered and decided by the court.  The parties are hereby ordered to show cause within 30 days why the court's proposal advisal should not be made the Order of the Court pursuant to ¶ 2 of the court's final Opinion. 619 F. Supp. at 670.

The Court further orders the Clerk to serve copies of this Order to Show Cause on all parties by United States mail.

DATED:  February 20 , 1986.


EDWARD RAFEEDIE
United States District Judge

-4-

## NOTICE OF RIGHTS

### PEREZ—FUNEZ v. INS

You have been arrested because immigration agents believe that you have entered the United States illegally. In the United States you have rights when you are arrested. No one can take these rights away from you. This paper tells you your rights.

You have a right to make a phone call. You may call anyone you want. You may call your mother or father or any other relative. You may call an adult friend. You may call a lawyer. Attached to this paper is a list of lawyers who will talk to you for free. A lawyer can help explain your rights to you.

If you do not know how to use a telephone, the immigration agent will help you.

You have a right to a hearing before a Judge. The Judge will decide whether you can stay in the United States. If for any reason you do not want to go back to your country, you should ask for a hearing before a Judge.

If you do not want to have a hearing before a Judge, you may go back to your country without a hearing.

**ATTACHMENT A**

1           I have read this paper.  I made a telephone call and

2    spoke with a relative, a friend, a lawyer, or someone else I

3    chose to call about my rights.

4           I want a hearing before a Judge.

5

6                              _____
                               (Signature)

7

8           I want to return to my country now without a hearing

9    before a Judge.

10

11                             _____
                               (Signature)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTACHMENT B**