# EXHIBIT 2

Dkt. 232 – Order

February 20, 1986



ENTERED

FEB 25 1986

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

FILED

FEB 20 1986

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOSE ANTONIO PEREZ-FUNEZ,          )      NO. CV 81-1457-ER
et al.,                            )
                                   )      CONSOLIDATED WITH
                   Plaintiffs,     )
                                   )      NO. CV 81-1932-ER
              v.                   )
                                   )
IMMIGRATION AND                    )
NATURALIZATION SERVICE,            )      **O R D E R**
et al.,                            )
                                   )
                   Defendants.     )
_____)

          The defendants' motion to clarify the Court's judgment

of September 30, 1985 came on for hearing Monday, November 4,

1985.  Upon consideration of the pleadings of the parties and

their respective arguments, it is,

          **ORDERED,** that the judgment is clarified as follows:

          1.   The simplified rights advisal, required by ¶ 2 of

the modifications to the preliminary injunction, 619 F. Supp 656

at 670, may consist of one document.  Exhibit A and Exhibit B to

the Opinion granting the preliminary injunction in this case,

619 F. Supp 960, 1005-06, will be superseded by the simplified

Docketed
Mld copy Ptys
Mld Notice Ptys
JS-6

-1-

1 | rights advisal.

2 |      2.    The judgment does not require that an INS agent
3 | read the revised rights advisal to the class member unless the
4 | member indicates that (s)he cannot read it.

5 |      3.    Under ¶ 4 of the Judgment, 619 F. Supp at 670,
6 | communication by the minor with any attorney, whether or not
7 | included in the legal services list, will satisfy the
8 | requirement of that paragraph that the minor communicate with an
9 | adult before making the election between voluntary return and a
10 | deportation hearing.  Likewise, contact with the National Center
11 | for Immigrants' Rights will constitute compliance.  Finally, if,
12 | and only if, a class member on his/her own volition chooses to
13 | contact a consular officer of his/her home country, communica-
14 | tion with a consular officer will satisfy the requirements of ¶
15 | 4 of the Judgment.

16 |      4.    Communication with any one of the following
17 | categories of persons will suffice to satisfy the purpose of the
18 | judgment:  Parents, close adult relatives, adult friends,
19 | consular officers (as limited above), legal services organiza-
20 | tions, attorneys, or the National Center for Immigrants' Rights.
21 | The class member may not frustrate his processing by insisting
22 | on contacting any particular one of these categories of persons.
23 | The INS should make reasonable efforts to contact the person of
24 | the minor's choice, but there shall be no fixed time after an
25 | unsuccessful effort to contact that person before the INS may
26 | facilitate contact with another person for purposes of complying
27 | with this judgment.  The test of compliance is reasonableness.
28 | In the particular circumstances of each case, the INS shall make

-2-

1  reasonable efforts to contact the person of the minor's first
2  choice.
3          5.    The judgment should not be read to forbid the INS
4  from giving a minor the form which is used for the election
5  between voluntary return and a deportation hearing, before (s)he
6  communicates with an adult.  It may be helpful for the minor to
7  have the form so that (s)he may refer to it while speaking with
8  an adult.  What is proscribed for the minor to make an election
9  by signing the form before speaking with an adult.
10         6.    If communication with an adult is done by
11 telephone, the INS is under no duty to obtain or record the name
12 or telephone number of the adult whom the minor contacts, if the
13 minor is not willing to provide that information.  The INS may
14 rely on the minor's statements as to whom (s)he has spoken to.
15         7.    The INS shall make a record of the refusal by a
16 class member apprehended in the immediate vicinity of the
17 border, who resides permanently in Canada or Mexico, of the
18 opportunity to contact an adult before electing voluntary
19 departure.
20         The Court further orders the Clerk to serve copies of
21 this Order  to Show Cause on all parties by United States mail.
22         DATED:  February 20 , 1986.
23
24                              Edward Rafeedie
25                        EDWARD RAFEEDIE
                          United States District Judge
26
27
28

                              -3-