# EXHIBIT 3

Dkt. 238 – Plaintiffs' Response to the Court's Advisal of Rights

April 25, 1986

GILBERT PAUL CARRASCO
CHARLES H. WHEELER, pro hac vice
National Center for Immigrants' Rights
1636 West Eighth Street, Suite 215
Los Angeles, California  90017
(213) 487-2531

LINTON JOAQUIN
Central American Refugee Center
1829 West Ninth Street
Los Angeles, California  90006
(213) 381-5666

MARK D. ROSENBAUM
ACLU Foundation of Southern California
633 South Shatto Place
Los Angeles, California  90005
(213) 487-1725

TIMOTHY S. BARKER
Mitchell, Silberberg & Knupp
11377 West Olympic Boulevard, 6th Floor
Los Angeles, California  90064
(213) 312-3216

ANTONIO H. RODRIGUEZ
Los Angeles Center for Law and Justice
2111½ East Brooklyn Avenue
Los Angeles, California  90033
(213) 266-2690

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE ANTONIO PEREZ-FUNEZ, et al., | ) ) ) | No. 81-1457 ER (Gx) 81-1932 ER (Gx) |
| Plaintiffs, | ) ) ) | PLAINTIFFS' RESPONSE TO THE COURT'S ADVISAL OF RIGHTS |
| v. | ) ) | |
| IMMIGRATION AND NATURALIZATION SERVICE, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

Counsel for plaintiffs make the following comments regard-
ing the court's wording of its proposed simplified rights advisal
for unaccompanied minors.  Counsel understand the court's

1  reasoning and the principles which underlie its decision, and to
2  a large extent are in agreement with the court's present draft of
3  the rights advisal.  After consultations with psychologists and
4  attorneys who specialize in childrens' rights issues, and after
5  presenting the proposed advisal to several children, counsel for
6  plaintiffs propose only three modifications to this advisal.

7      First, plaintiffs propose adding a sentence to the second
8  paragraph that would clarify the child's right to make more than
9  one phone call if it proves necessary in contacting a person who
10 can explain the child's legal options.  For example, a child may
11 be unable to contact anyone with the first phone call, or may
12 first elect to contact a relative or adult friend, who in turn
13 may suggest that the minor contact a lawyer for advice.  The
14 present wording of the advisal tends to imply that the child can
15 make only one, or "a" phone call.  Plaintiffs interpret the
16 court's decision as allowing more than one phone call if such is
17 necessary under the circumstances.  Thus, counsel for plaintiffs
18 offer the inclusion of the sentence, "You may call more than one
19 person." after the sentence "You may call anyone you want."  Any
20 potential abuse of this right to make telephone calls would be
21 governed by the court's prior decision on this point and by
22 application of the test of reasonableness.

23     Counsel also suggest the addition of a sentence in the
24 beginning of the fourth paragraph, after the words "You have the
25 right to a hearing before a judge."  That additional sentence
26 would read:  "A lawyer from the attached list can help you at the
27 hearing for free."

28

-2-

The reason for this addition is that the proposed advisal
does not inform the child that an attorney is available to assist
at the hearing without charge.  In fact, the present advisal
would indicate the contrary: that counsel on the attached list
are available only to explain these rights.  A child could
reasonably conclude that he would be unrepresented at the hear-
ing.  This additional information will cause no prejudice to the
defendants for it states what is in fact the law and the current
practice; i.e., that all persons, including children, possess the
statutory right to legal representation at administrative hear-
ings and that voluntary agencies throughout the country are
providing this assistance.

The third change is the addition of a phrase in the middle
of the last sentence in paragraph four.  The complete sentence as
modified would then read, "If for any reason you do not want to
go back to your country, or if you have any fears of returning,
you should ask for a hearing before a judge."  The reason for
this addition is to assure that children who are afraid of
returning to their country, and who may have good faith claims
for asylum, would assert those claims and would be able to secure
an administrative hearing.  These are the minors who are in most
need of the special rights advisal.  As the court has already
indicated, children who are natives of Mexico or Canada, and who
are arrested by INS at or near their respective borders, are
afforded reduced protections.

The risk from the advisal as presently written is that
some minors may not fully understand that "a reason [for] not
want[ing] to go back" may include fear of what may happen to them

-3-

upon return.  The court's concern about "the inability of minors
to understand ... concepts" such as asylum or suspension of
deportation would support the suggested inclusion, for it helps
assure comprehension of an available right in straightforward
language.  Again, the prejudice to the INS is not apparent, for
there has been no mention or explanation of any additional
rights; the modified advisal will still not list the statutory
rights available to minors, as they were previously listed in the
notice of rights advisal ordered by the court in the preliminary
injunction.  Plaintiffs' suggestions attempt to inform the minors
of their most basic rights in fashion that is comprehensible and
in a form which will hopefully illicit the appropriate response
or election.

        The full text of the court's advisal, amended to include
the suggested modifications, is attached.


Dated April 25, 1986                    Respectfully submitted,


                                        _Charles Wheeler_

                                        Charles H. Wheeler
                                        One of the Attorneys for
                                        Plaintiffs

-4-

Plaintiffs' Proposed

NOTICE OF RIGHTS

PEREZ-FUNEZ v. INS

You have been arrested because immigration agents believe that you have entered the United States illegally. In the United States you have rights when you are arrested. No one can take these rights away from you. This paper tells you your rights.

You have a right to make a phone call. You may call anyone you want. You may call more than one person. You may call your mother or father or any other relative. You may call an adult friend. You may call a lawyer. Attached to this paper is a list of lawyers who will talk to you for free. A lawyer can help explain your rights to you.

If you do not know how to use a telephone, the immigration agent will help you.

You have a right to a hearing before a Judge. A lawyer from the attached list can help you at the hearing for free. The Judge will decide whether you can stay in the United States. If for any reason you do not want to go back to your country, or if you have any fears of returning, you should ask for a hearing before a Judge.

If you do not want to have a hearing before a Judge, you may go back to your country without a hearing.

ATTACHMENT A

5

I have read this paper.  I made a telephone call and spoke with a relative, a friend, a lawyer, or someone else I chose to call about my rights.

I want a hearing before a Judge.

_____
(Signature)


I want to return to my country now without a hearing before a Judge.

_____
(Signature)


ATTACHMENT B

6

PROOF OF SERVICE BY MAIL

I, Ana Maria Rodriquez, declare:

That I am a legal permanent resident of the United States and over the age of 18 years.  I am employed at 1636 West Eighth Street, Suite 215, Los Angeles, California  90017.  I am not a party to this action.

That on this day I served a copy of the attached Plaintiffs' Response to the Court's Advisal of Rights by regular mail postage prepaid to:  Carolyn Reynolds, Assistant United States Attorney, 1100 U.S. Courthouse, 312 North Spring Street, Los Angeles, CA 90012.

I declare under penalty of perjury that the foregoing is true and correct and was executed this 25th day of April, 1986.


ANA MARIA RODRIQUEZ

7