# EXHIBIT 4

Dkt. 239 – Defendants' Response to

Order to Show Cause

April 25, 1986

ROBERT C. BONNER
United States Attorney
FREDERICK M. BROSIO, JR.
Assistant United States Attorney
Chief, Civil Division
GEORGE H. WU
Assistant United States Attorney
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-6684

Attorneys for Defendants

FILED

APR 25   4 00 PM '86

<span>715403   21-86-56   126 #127</span>

LOCATION   ACCESSION   BOX

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO PEREZ-FUNEZ, et al.,      ) | NO. CV 81-1457-ER |
|             ) | |
|             ) | CONSOLIDATED WITH |
|       Plaintiffs, ) | |
|             ) | NO. CV 81-1932-ER |
|       v.     ) | |
|             ) | DEFENDANTS' RESPONSE TO |
| IMMIGRATION AND     ) | |
| NATURALIZATION SERVICE, et al., ) | ORDER TO SHOW CAUSE |
|             ) | |
|       Defendants. ) | |

This Response is prepared pursuant to this Court's Order To Show Cause regarding its proposed advisal in this case.  While not waiving any objections which may be raised on appeal, the defendants would bring to this Court's attention the following:

1.    On page 2 lines 11 through 15 of this Court's Order of February 20, 1986, it is stated that:

> Finally, if, and only if, a class member on his/her own volition chooses to contact a consular officer of his/her home country, communication with a consular officer will satisfy the requirements of ¶ 4 of the Judgment.

As stated in 8 C.F.R. § 242.2(e):

Every detained alien shall be notified that he may communicate with the consular or diplomatic officers of the country of his nationality in the United States.  Existing treaties require immediate communication with appropriate consular or diplomatic officers whenever nationals of the following countries are detained in exclusion or expulsion proceedings, whether or not requested by the alien, and, in fact, even if the alien requests that no communication be undertaken in his behalf [see list in regulation].

Thus, as a matter of regulatory law and treaties, the Immigration and Naturalization Service ("INS") must inform and, where appropriate, allow contact between the alien class member and the consular officer of the country of his nationality.

However, in accordance with this Court's Order, the INS will not treat that contact as satisfying the requirements of paragraph 4 of the Order unless the class member indicates that he or she wishes to use that contact as satisfying the requirements of paragraph 4.

2.    In the first sentence of the Notice of Rights ("Notice"), it is stated that "You have been arrested because immigration agents believe that you have entered the United States illegally."  However, the authority of the INS allows arrest not only for illegal entry but also for illegal presence in the United States.  For example, an alien may have entered legally but have

- 2 -

overstayed his or her visa. Thus, to clarify the statement, the defendants respectfully suggest that the sentence be amended to read: "You have been arrested because immigration agents believe that you are illegally in the United States."

3. In the third sentence of the second paragraph of the Notice, it is stated that "You may contact your mother or father or any other relative." The defendants are unclear as to the scope of the last category, i.e. "any other relative." Paragraph 4 of the Order would seem to indicate that contact with a relative who is a minor would not be sufficient. If that is this Court's intention, the defendants would suggest that the phrase be amended to read "any other adult relative."

Likewise, the second sentence of the second paragraph of the Notice should be amended to read "You may call any adult you want."

4. In the second sentence of the fourth paragraph of the Notice it is stated that: "The Judge will decide whether you can stay in the United States." However, an immigration judge in a deportation or exclusion proceeding does not decide if an alien can stay in this country. Rather, the judge determines if the alien is deportable or excludable. Once so found, the alien may at his or her option seek relief from that decision. But the initial determination only concerns whether the alien must leave the country. Thus, the defendants suggest that the above sentence

///
///
///
///

- 3 -

be amended to read:  "The Judge will decide whether you must leave or whether you may stay in the United States."

DATED:  This 25th day of April, 1986.

ROBERT C. BONNER
United States Attorney
FREDERICK M. BROSIO, JR.
Assistant United States Attorney
Chief, Civil Division


GEORGE H. WU
Assistant United States Attorney

Attorneys for Defendants

- 4 -

## CERTIFICATE OF SERVICE BY MAIL

I, __PEARL L. BARTH_____, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction the service by mail described in this Certificate was made; that on ___April 25, 1986___, I deposited in the United States mails in the United States Courthouse at 312 North Spring Street, Los Angeles, California, in the above-entitled action, in an envelope bearing the requisite postage, a copy of DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE

addressed to                    SEE ATTACHED

at ___their___ last known address, at which place there is a delivery service by United States mail.

This Certificate is executed on ___April 25, 1986___ at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

_Pearl L. Barth_____

orm CBD-183
2-8-76 DOJ

USA-12c-240
(Rev. 1/3/77)

DOJ

GILBERT PAUL CARRASCO
NATIONAL CENTER FOR IMMIGRANTS' RIGHTS
1636 West Eighth Street, Suite 215
Los Angeles, California   90017.


LINTON JOAQUIN
CENTRAL AMERICAN REFUGEE CENTER
1829 West Ninth Street
Los Angeles, California   90006


TIMOTHY S. BARKER
MITCHELL, SILBERBERG & KNUPP
11377 W. Olympic Blvd., 6th Fl.
Los Angeles, California   90064


MARK ROSENBAUM
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
633 South Shatto Place
Los Angeles, California   90005