# EXHIBIT 5

Dkt. 240 – Order Re Advisal

May 16, 1986



LOCATION 715403    ACCESSION 218656    BOX 126 127

FILED
MAY 1 6 1986
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

ENTERED
MAY 2 0 1986
CLERK, U. S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO PEREZ-FUNEZ, et al., | NO. CV 81-1457-ER |
| Plaintiffs, | CONSOLIDATED WITH |
| v. | NO. CV 81-1932-ER |
| IMMIGRATION AND NATURALIZATION SERVICE, et al., | **ORDER RE ADVISAL** |
| Defendants. | |

In its opinion in this case, the court ordered the parties to attempt to agree on a simplified rights advisal to be given to minors who are detained by the Immigration and Naturalization Service. Perez-Funez v. INS, 619 F. Supp. 656, 670 ¶ 2 (C.D. Cal. 1985). The parties could not agree and each submitted a proposed advisal to the court. The court consolidated and modified the proposed advisals and ordered the parties to show cause why the court's proposed advisal should not be used. The parties have responded by making helpful suggestions that the court has adopted or addressed in the

Docketed
Mld copy Ptys
Mld Notice Ptys
JS-6

-1-

MAY 19 1986
MAY 20 1986

attached simplified rights advisal.  The court hereby orders that the simplified rights advisal attached hereto as Exhibit A be used in place of the advisal currently in use.

Defendants, in response to the court's order to show cause, raised the issue of communication by defendants with consular or diplomatic officers on behalf of the detained minors.  The Orders of this court permit such communication. Defendants are correct in their understanding that such communication, except under the limited circumstances previously specified, does not constitute communication with a neutral party sufficient to apprise minors from non-contiguous countries of their rights.  As the court previously wrote:  "While the Court cannot find fault with a practice of notifying foreign officials of their citizens' illegal presence in this country, the Court believes that allowing foreign consuls to represent the child in the deportation process creates a substantial risk of error."  Perez-Funez v. INS, 619 F. Supp. 656, 663.  The reasoning of the court was that minors who might be fleeing from such countries as Nicaragua or El Salvador for political reasons could not count on their governments to adequately explain their rights to seek political asylum in this country.  For this reason, contact with an adult relative, adult friend, or lawyer is preferable, unless the minor specifically requests to speak with a consulate or diplomatic official.

All issues that were presented to the court in this case have been decided, except the pending attorneys' fees application.  Defendants shall comply with the Order of this court, 619 F. Supp. at 670, as supplemented by the Order of

-2-

February 20, 1986  and this Order.

The Clerk of the Court if further Ordered to serve copies of this Order on all parties by United States mail.

DATED:  May _16_, 1986.

_____
EDWARD RAFEEDIE
United States District Judge

## NOTICE OF RIGHTS

### PEREZ-FUNEZ v. INS

You have been arrested because immigration agents believe that you are illegally in the United States. In the United States you have rights when you are arrested. No one can take these rights away from you. This paper tells you your rights.

You have a right to use the telephone. You may call any adult you want. You may call your mother or father or any other adult relative. You may call an adult friend. You may call a lawyer. Attached to this paper is a list of lawyers who will talk to you for free. A lawyer can help explain your rights to you.

If you do not know how to use a telephone, the immigration agent will help you.

You have a right to a hearing before a Judge. A lawyer from the attached list can help you at the hearing for free. The Judge will decide whether you must leave or whether you may stay in the United States. If for any reason you do not want to go back to your country, or if you have any fears of returning, you should ask for a hearing before a Judge.

If you do not want to have a hearing before a Judge, you may go back to your country without a hearing.

## ATTACHMENT A