UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 81-01457-MWF (Ex)**            **Date: April 6, 2026**
Title:     Jose Antonio Perez-Funez, et al. v. Dept. of Homeland Security, et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| | |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER GRANTING IN PART PLAINTIFFS'
CROSS-MOTION TO MODIFY INJUNCTION
AND MOTION FOR LEAVE TO CONDUCT
DISCOVERY [269]; TEMPORARY STAY

Before the Court is Plaintiffs Jose Antonio Perez-Funez, et al.'s Cross-Motion to Modify Injunction and Motion for Leave to Conduct Discovery (the "Motion"), filed on January 6, 2026. (Docket No. 269). Defendants Department of Homeland Security, et al., filed an Opposition on January 20, 2026. (Docket No. 276). Plaintiffs filed a Reply on January 27, 2026. (Docket No. 279).

The Court has read and considered the papers on the Motion and held a hearing on **February 11, 2026.**

The Motion is **GRANTED** as to the modification of the Injunction. Plaintiffs have established that Defendants violated the Injunction when they provided the information in the UAC Processing Pathway Advisal. The Motion is **DENIED** *without prejudice* as to the discovery requests.

## I.     BACKGROUND

The relevant background for this Motion is set forth in the concurrently filed Order Denying Defendants' Motion to Terminate Permanent Injunction and Advisal Order. The Court therefore incorporates the background from that Order here.

---

**CIVIL MINUTES—GENERAL**                                                     1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 81-01457-MWF (Ex)**          **Date:  April 6, 2026**
Title:      Jose Antonio Perez-Funez, et al. v. Dept. of Homeland Security, et al.

With this Cross-Motion, Plaintiffs argue that Rule 60(b)(5) warrants modification of the Permanent Injunction (the "Injunction") because the Government has violated the Injunction by providing a new advisal, the UAC Pathway Processing Advisal (the "Pathway Advisal").  Plaintiffs further argue that post-judgment discovery is warranted.

Plaintiffs attached a written version of the Pathway Advisal to their Motion, the contents of which the Government does not dispute.  (*See* Docket No. 269-1 at Ex. A).  For ease of reference in this discussion, the Court reprints it here:

"You have been identified as an unaccompanied minor.  This information is intended to provide clarity about the steps involved.

You have the option to voluntarily return to your country of origin, and you can return to your country within 72 hours.  If you choose to voluntarily return to your country, there will be no administrative consequence, and you will still have the opportunity to apply for a visa, through legal means, in the future.

If you choose to seek a hearing with an immigration judge or indicate a fear of returning to your country, you can expect the following:

- You will be detained in the custody of the United States Government, for a prolonged period of time.

- If your sponsor in the United States does not have legal immigration status, they will be subject to arrest and removal from the United States.  The sponsor may be subject to criminal prosecution for aiding your illegal entry.

- If you cannot substantiate your claim for fear of returning to your country, you can be barred from legally applying for a visa.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 81-01457-MWF (Ex)**                    **Date:  April 6, 2026**
Title:      Jose Antonio Perez-Funez, et al. v. Dept. of Homeland Security, et al.

- If you turn 18 years of age while in U.S. Government custody, you will be turned over to Immigration and Customs Enforcement for removal (deportation) from the United States. This can result in being barred from applying for a visa in the future."

(Docket No. 269-1 at Ex. A).  Again, the Government does not dispute the content of the Pathway Advisal, but only adds that it is "generally provided orally to UAC."  (*See* Declaration of Michael Julien ("Julien Declaration" or "Julien Decl." (Docket No. 277) ¶ 4).

## II.    **MOTION TO MODIFY INJUNCTION**

### A.    **Legal Standard**

Rule 60(b)(5) permits relief from a final judgment in three circumstances: (1) when "the judgment has been satisfied, released, or discharged," (2) when the judgment "is based on an earlier judgment that has been reversed or vacated," and (3) when "applying [the judgment] prospectively is no longer equitable." Fed. R. Civ. P. 60(b).  Plaintiffs "bear[] the burden of establishing that a significant change in circumstances warrants revision of the" injunction.  *See Rufo v. Inmates of Suffolk County Jail,* 502 U.S. 367, 383 (1992).  If that burden is satisfied, then the "court should consider whether the proposed modification is suitably tailored to the changed circumstance." *Id*. at 383.

"Under well established law, substantial violation of a court order constitutes a significant change in factual circumstances. …  Further, a modification of a court order is 'suitably tailored to the changed circumstance' when it 'would return both parties as nearly as possible to where they would have been absent' the changed circumstances." *Kelly v. Wengler,* 822 F.3d 1085, 1098 (9th Cir. 2016) (internal citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. **CV 81-01457-MWF (Ex)**                    Date:  **April 6, 2026**
Title:       Jose Antonio Perez-Funez, et al. v. Dept. of Homeland Security, et al.

## B.       Significant Change in Factual Circumstances

Plaintiffs first argue that a significant change in factual circumstances has
occurred because the Government has begun providing the Pathway Advisal in
addition to the Form I-770.  The Court first considers the factual record before it.

### 1.  Facts Before the Court

At the time Plaintiffs filed their Cross-Motion, the Government had not yet
admitted that it had begun using the Pathway Advisal.  But as discussed above, in the
Julien Declaration, the Government admitted that it has been providing the Pathway
Advisal "generally" orally to UAC since September 2025.  (*See* Julien Decl. ¶ 4).
Therefore, the Court first notes, as a factual matter, that it certainly finds credible the
testimony from UAC that they have received the same information contained in the
Pathway Advisal while in custody, and that because of this information they felt
pressured or coerced into signing forms providing for voluntary departure or
withdrawal of their applications for admission.  In declarations from legal service
providers to UAC, they report that children presented with the information in the
Pathway Advisal sign voluntary departure forms without understanding their rights.
(*See* Declaration of Lauren Fisher Flores (Docket No. 269-6) ("Flores Decl.") ¶¶ 13,
15).  In another declaration from a minor identified as D.A.T.M., the child also reports
being threatened by agents with their parents' prosecution and with prolonged
detention, which resulted in them signing voluntary departure papers.  (*See* Declaration
of D.A.T.M. (Docket No. 269-9) ¶¶ 5-6).  Another minor, Y.Y.Z.O., reports that they
were also threatened with prolonged detention and removal once they turn 18.  (*See*
Declaration of Y.Y.Z.O. (Docket No. 269-10) ¶ 15).

Moreover, these declarations are undisputed by the Government.  Indeed, the
Government has only presented the Julien Declaration in support of its Opposition and
its separately filed Motion to Terminate.  In the Declaration, Julien merely asserts that
USBP continues to provide the Form I-770 as required by the *Flores* Settlement

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 81-01457-MWF (Ex)                    Date:  April 6, 2026
Title:      Jose Antonio Perez-Funez, et al. v. Dept. of Homeland Security, et al.

Agreement and that UAC are also screened pursuant to the TVPRA using CBP Form 93.  (*Id.* ¶¶ 2, 3).

Indeed, rather than dispute the facts, the Government urges the Court to evaluate the "plain language" of the Advisal "on its face."  (Opp. at 8).  Accordingly, the Court now considers the legal arguments put forward by the Government to rebut Plaintiffs' arguments that the Pathway Advisal violates the Injunction.

## 2.  Violations of the Injunction

The Government's first argument in response to the Motion is that it still provides the Form I-770, and so this "supplemental advisal … does not undermine compliance with the injunction."  (Opp. at 3).  In other words, the Government suggests that any ill-effects from its use of the Pathway Advisal are sanitized because the approved Form is still provided.

This argument fails for two reasons.  First, the Government ignores that it simultaneously seeks to terminate the use of the very Form I-770 that it contends here should temper any coercive effects of the Pathway Advisal.  Of course, the Court concurrently denies that request, so the Form I-770 will continue to be required.

Second, and notwithstanding this denial, the Government's argument ignores that even baseline compliance with the Injunction does not categorically exclude the Court from finding that the Government has otherwise violated the Injunction's terms.  As the Ninth Circuit recently explained, "courts look to the spirit of the injunction when a litigant applies a dubiously literal interpretation of the injunction, particularly where that interpretation is designed to evade the injunction's goals." *Epic Games, Inc. v. Apple Inc.,* 161 F.4th 1162, 1176 (9th Cir. 2025).  Such a literal and formalistic interpretation of the Injunction is precisely what is urged by the Government here.  Indeed, the Government appears to argue that it could provide Form I-770 and then provide another form stating that the Form I-770 just provided should in fact be ignored.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL

Case No.  **CV 81-01457-MWF (Ex)**                    **Date:  April 6, 2026**
Title:      Jose Antonio Perez-Funez, et al. v. Dept. of Homeland Security, et al.

The Court must instead evaluate whether, in view of both the literal terms of the Injunction ***and*** "the objects for which the relief was granted," the Government has violated the Injunction.  *Id*.  Notwithstanding the continued provision of Form I-770, the Court concludes that it has. Specifically, the Court finds that the Pathway Advisal violates both the letter and the spirit of the Injunction's provisions.  Crucially, in addition to the particular provisions of the Injunction of an advisal and telephone call, the Injunction requires that the Government take no steps to persuade or dissuade class members from exercising their rights.  *See Perez-Funez II,* 619 F. Supp. at 669-70 (incorporating preliminary injunction with some modifications).  The Court will address in turn each of the bulleted consequences outlined in the Pathway Advisal.

***Prolonged Detention:***  The Advisal explicitly informs UAC that they can "expect" to be held in "prolonged" detention if they invoke their right to a hearing before an Immigration Judge or their right to apply for asylum.  The Court first notes that such a threat disturbingly mirrors the testimony by the named Plaintiff Perez-Funez in the trial in 1985, memorialized in the Court's Memorandum Opinion following trial.  *See* 619 F. Supp. at 657.  Plaintiff Perez-Funez testified that he was told by INS that he would face lengthy detention if he did not return to El Salvador, which caused him to sign a form assenting to voluntary departure.  *Id*.  The Government was thus already on notice that such a statement delivered in this environment is precisely the kind of inappropriate persuasion the Injunction sought to prevent.

Next, in defending this provision, the Government argues that the Pathway Advisal "educates UAC about potential procedural consequences that may follow the rights advisal provided through Form I-770.  Informing individuals of possible future outcomes constitutes neither a threat nor a penalty for exercising protected rights." (Opp. at 5).  But this argument is no defense.  It is difficult to imagine a scenario more coercive than the one faced by UAC in the 72 hours before they are transferred into ORR custody, particularly for noncitizen children who likely do not know whether they possess any rights at all.  And in fact, the Court is assured that the Government understands this point, as it was the precise takeaway from the 1985 trial on this exact

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 81-01457-MWF (Ex)                Date:  April 6, 2026
Title:      Jose Antonio Perez-Funez, et al. v. Dept. of Homeland Security, et al.

topic.  The Court did not mince words when it recognized the "common sense" conclusion that UAC face an inherently coercive situation:

> In the instant case, unaccompanied children of tender years encounter a stressful situation in which they are forced to make critical decisions. Their interrogators are foreign and authoritarian. The environment is new and the culture completely different. The law is complex. The children generally are questioned separately. In short, it is obvious to the Court that the situation faced by unaccompanied minor aliens is inherently coercive.

*Perez-Funez II,* 619 F. Supp. at 662.  It is for this reason that the Court saw fit to order not just specific injunctive relief and precise language in the rights advisal, but to include that the Government shall not attempt to persuade or dissuade UAC from voluntary departure.  *See id.* at 669-70 (incorporating language from preliminary injunction into the permanent Injunction).  The Advisal plainly does just that through its purportedly neutral explanation of "consequences."

***Threat of Prosecution:***  The Pathway Advisal indicates that the child can "expect" that the child's sponsor "may be subject to criminal prosecution for aiding [their] illegal entry" if they invoke their right to a hearing or to apply for asylum.  The Government's response to the blatantly coercive nature of this provision strains credulity.  The Government argues that Plaintiffs "disregard[] the Advisal's explicit and limited language, which explains that sponsors who lack legal immigration status *may* be subject to criminal prosecution. … An accurate explanation of potential legal consequences—particularly when carefully framed and limited—does not violate the injunction, the TVPRA, or due process."  (Opp. at 5 (emphasis in original)).

But as Plaintiffs argue, there is no logical connection between a child's right to invoke a right to a hearing or asylum protections, on the one hand, and the decision to pursue criminal prosecution for adult sponsors who "aid[] illegal entry" on the other. (*See* Reply at 4-5).  The Court agrees.  Here, immigration agents may well have the prerogative to investigate sponsors of UAC, but it is the act of conditioning that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL

**Case No.  CV 81-01457-MWF (Ex)**                    **Date:  April 6, 2026**
Title:      Jose Antonio Perez-Funez, et al. v. Dept. of Homeland Security, et al.

---

prosecution on the exercise of rights explained in Form I-770 that makes such a threat obviously coercive.

*Immigration Consequences:*  The third and fourth bullet points of the Pathway Advisal fare no better.  The Pathway Advisal explains to UAC that choosing to exercise their rights may result in being "barred" from applying for a visa in the future.  Unlike the threat of prosecution above, there may actually be such statutory bars to admission as a consequence of being ordered removed.  But, as Plaintiffs argue, these bars are time-limited, and thus to the extent that the Pathway Advisal language implies a permanent bar, it is misleading.  (*See* Reply at 6-7, n.2); *see* 8 U.S.C. § 1182(a)(9)(A).  Moreover, even if UAC exercise their rights to a removal proceeding before an Immigration Judge or invoke their right to apply for asylum, the TVPRA provides that UAC may still invoke their right to voluntarily depart, and thus may still avoid any bar to admission ***even if*** they choose to exercise their rights.  *See* 8 U.S.C. § 1232(a)(5)(D)(ii).  Therefore, the threat of an immigration bar is coercive to the extent that it fails to explain that a bar to permanent admission is not an immediate consequence of choosing to exercise the rights explained in Form I-770.

In sum, the information contained in the Pathway Advisal improperly coerces UAC from exercising their rights.  By providing this information to UAC, the Government has substantially violated the letter and spirit of the Injunction.

**C.      Suitably Tailored**

It is "well established" that such a violation "constitutes a significant change in factual circumstances" warranting modification of a court order.  *See Kelly,* 822 F.3d at 1098.  Moreover, *Kelly* provides that a "suitably tailored" modification to account for such a violation is one that "'would return both parties as nearly as possible to where they would have been absent' the changed circumstances."  *Id.* (quoting *Pigford v. Veneman,* 292 F.3d 918, 927 (D.C. Cir. 2002)).

Here, the modification requested by Plaintiffs — to prohibit the use of the Pathway Advisal, or the giving of information contained therein — is such a suitably

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 81-01457-MWF (Ex)                    Date:  April 6, 2026
Title:      Jose Antonio Perez-Funez, et al. v. Dept. of Homeland Security, et al.

tailored modification.  It does nothing more than subject the Government to the precise requirements imposed by the Injunction, with which the Government has complied for the past forty years.

Accordingly, Plaintiffs' Cross-Motion to Modify the Injunction is **GRANTED**.

III.    **MOTION FOR POST-JUDGMENT DISCOVERY**

Plaintiffs next move for post-judgment discovery.  (*See* Cross-Motion at 12-19). The Ninth Circuit has instructed that where "significant questions regarding noncompliance have been raised, appropriate discovery should be granted."  *See California Dept. of Social Services v. Leavitt,* 523 F.3d 1025, 1034 (9th Cir. 2008).

Here, the Government does not dispute its conduct, and based on the undisputed record this Court has already determined that the evidence in the record establishes a violation as to the Government's use of the Pathway Advisal.  Accordingly, the discovery requests are **DENIED**.  The thrust of Plaintiffs' requests for discovery was to determine whether a violation of the Injunction occurred, and the Court has concluded that it has.  Should Plaintiffs have other grounds to seek discovery, Plaintiffs are free to return to the Court to request discovery again.

IV.    **CONCLUSION**

In sum, the Motion to Modify Injunction is **GRANTED** and Defendants are enjoined from providing the information in the Advisal because it substantially violates the Injunction.  The Motion for Post-Judgment Discovery is **DENIED *without prejudice.***

The Modified Permanent Injunction shall be filed separately.

This Order and the Modified Injunction are **STAYED** until **April 16, 2026**, to allow Defendants the opportunity to seek a stay in the Ninth Circuit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV 81-01457-MWF (Ex)**                    **Date:  April 6, 2026**
Title:       Jose Antonio Perez-Funez, et al. v. Dept. of Homeland Security, et al.

IT IS SO ORDERED.